Currell, survivor, &c. *vs.* Phillips.

No. 62.—GEORGE CURRELL, survivor, &c. plaintiff in error, *vs.* JOHN N. PHILLIPS, defendant in error.

[1.] A motion to rule a Sheriff, on the ground that he has failed to levy on the property of the defendant in *fi. fa.* will not be sustained, unless the movant make it appear that he has been *injured* by the Sheriff's failure to levy.

Rule, in Dougherty Superior Court. Decision by Judge PERKINS, at June Term, 1855.

A *fi. fa. vs.* Andrew Y. Hampton, issued from May Term, 1854, and returnable to November Term, 1854, of Dougherty Superior Court, was placed in the hands of John N. Phillips, the Sheriff, on 23d June, 1854. At June Term, 1855, a rule *nisi* was granted, requiring the Sheriff to show cause why he should not pay over the amount due on said *fi. fa.*

The Sheriff returned, that *since the last term* of the Court, he had seized and sold all of the property of defendant, the proceeds of which were subject to the order of the Court; that the sale of seven negroes had been stopped by an injunction, granted by this Court since the last term. The amount in his hands was $27.408 77, claimed by sundry *fi. fas.* most of them older than that of the movant's.

The Court refused to make the rule *vs.* the Sheriff absolute; and this decision is assigned as error.

SPICER, for plaintiff in error.

R. F. LYON, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

[1.] Should the Court below have made the rule *nisi* an absolute one against the Sheriff?

Section 50 of the Judiciary Act of 1799, is in these words: "The Sheriff shall be liable, either to an action on the case

or an attachment for contempt of Court, at the option of the party, wherever it shall appear that he hath injured such party, either by false returns or by neglecting to arrest the defendant, or to levy on his property, or to pay over to the plaintiff or his Attorney, the amount of any sales which shall be made under and by virtue of any execution, or any moneys collected by virtue thereof."

The Sheriff shall be liable to a rule, wherever it shall appear that he hath *injured* a party, &c. by failing to *levy on the defendant's property*, &c.

In this case, the Sheriff failed to levy on the property of the defendant in *fi. fa.* until after the return term of the *fi. fa.* Before the next term after that term, he did, however, seize and sell *all* of the property of the defendant, except some negroes, which he was prevented from selling by an injunction. And the proceeds of the property sold he had in hand when this rule was taken, holding under the claim of other *fi. fas.*

This being the state of the facts, the question is, does it " *appear*" that the Sheriff, by failing to levy until after the return term of the writ, " *injured*" the plaintiff? And we must say, that it does not. It does not appear that any of the defendant's property was lost to the plaintiff, by the delay. It does appear, that there were older *fi. fas.* against the defendant in *fi. fa.* and it does not appear but that these *fi. fas.* may have been large enough to require, for their satisfaction, the whole of the property of the defendant in *fi. fa.*

We, therefore, cannot disturb the decision of the Court below, refusing to make the rule absolute.