NATHAN L. HUTCHINS, Executor, etc., plaintiff in error, vs. GEORGE W. HULLMAN, Sheriff, defendant in error.

The sheriff answered to a rule brought against him in 1866, that, in 1862, the fi. fa. was placed in his hands with orders to collect the money; that he did, in that year, collect it in Confederate States treasury notes, the same being about the only kind of money then in circulation; that he knew of no person in his county authorized to receive it from him; and that he kept it on hand, and still had it, ready to pay to the plaintiff or his attorney. This return was not traversed: *Held*, That a judgment discharging the rule on the ground that the sheriff was liable for nothing but the Confederate notes which he had collected, was not erroneous.

Rule *Nisi* against the Sheriff. In Forsyth Superior Court. Decided by Judge Irwin. February Term, 1866.

The rule *Nisi* described the fi. fa., and then ricited that the sheriff had collected the money due thereon, and now had the same in his hands, and refused to pay it over. It ordered him to return the fi. fa. into Court, with his actings and doings thereon, and show cause why he should not pay over to the plaintiff, or his attorney, the principal, interest, and cost.

At the same term of the Court, (Feb., 1866) the sheriff answered, that some time in 1862, the fi. fa. was placed in his hands, with orders to collect the money; that he did, in that year, collect it in Confederate States Treasury notes, the same being about the only kind of money then in circulation; that there was no person in Forsyth county, that he knew of, authorized to receive it from him, and that he kept said money on hand, and now has it ready to pay to the plaintiff, or his attorney.

James R. Brown, Esq., attorney for the sheriff, stated in his place, that he, for his brother, the defendant in fi. fa., paid off the same, and took it home with him to have a settlement with his brother, and that it was burned in his office. This was accepted by the plaintiff as a part of the sheriff's answer, accounting for his failure to return the fi. fa. into Court.

The return not being traversed, the Court discharged the rule, holding that the sheriff was not liable for anything but the Confederate notes which he collected.

The plaintiff in fi. fa. complained of this as error.

BELL, for plaintiff in error.

BROWN, for defendant.

HARRIS, J.

Confined, as this Court necessarily is, to the bill of exceptions and transcript of the record, for the facts of the case, we are not permitted to consider things or matters stated in the briefs of counsel, "as facts" to enter into the judgments we are called on to form and render—certainly not, unless they are agreed upon, or admitted in open Court, or in some distinct form.

There is no admission of the statements contained in the brief of plaintiff's attorney, in any form.

The record shows that there was no traverse, or issue, made on the truth of the sheriff's return to the rule moved against him to compel him to pay over the amount of plaintiff's fi. fa. Had the return been traversed, and the matters alleged in the brief been proven and embodied in the bill of exceptions, then, indeed, we might, probably, have been enabled to have taught a salutary lesson to collecting officers in the discharge of the duties imposed by law.

Under the circumstances, the circuit Judge could not make any other disposition of the rule than he did.

Judgment affirmed.