JESSE POUND, sheriff, plaintiff in error, *vs.* W. W. CARR, defendant in error.

The answer of a Sheriff, under oath, to a rule against him, is to be taken as true, unless the same shall be traversed, as provided by the Code, and a verdict be found by the jury against the answer.   The return of the Sheriff in this case being taken to be true, the Court below erred in making the rule absolute against the Sheriff for the payment of the money, and in default thereof, that he be attached for contempt upon the statement of facts contained in said return.

. Rule against Sheriff.   Distress Warrant.   Before Judge GIBSON.   Washington Superior Court.   April Term, 1869.

On the 9th of October, 1869, Carr made affidavit that he was owner of certain described premises, and that he "rented said farm and eight mules and horses" to James Moye on the 1st of January, 1868, upon his promise to deliver to Carr, or bearer, thirteen thousand pounds of lint cotton, middling— twenty-six bales packed and ready for market, on the application of the bearer of said obligation, at Carr's house, or No. 13 Central Railroad, as should be designated by said bearer " for the rent of so much of the plantation" as Moye wished to cultivate, "and the use of the mules and horses now on

the place to the number of eight; that Moye promised "to return" him "the same amount of corn, fodder, peas and potatoes that I (Moye) get from him," (Carr,) and "to pay him sixteen cents for the meat" which Carr should furnish him; "that said Moye, under the above contract, owes him for such rent and for provisions the amount of $5,000 00, said produce being in the opinion of deponent worth that sum;" that the rent is not due, but that Moye is seeking to remove his goods from the premises, and that Carr apprehended the loss of the same unless a distress-warrant issue in his behalf. A distress-warrant issued, for $5,000 00, and the sheriff, Jesse Pound, on the 24th of said month, levied it upon the cotton, corn, etc., etc., on said premises. Moye, on the same day, replevied the property, giving bond and security for the eventual condemnation money in the usual form. In this bond it was recited that Moye had "filed his affidavit, denying that any portion of the rent distrained for is due."

These papers were returned to said Court. When the cause was there called, and the parties were proceeding to trial, it was discovered that in fact Moye had not filed the affidavit required by law to stop the warrant, though it was so recited in said bond. Thereupon the Court decided that he had no issue before him, and was passing to other cases on the docket when Carr's counsel asked for a rule against Pound, sheriff, requiring him to show cause *instanter* why he should not pay Carr the $5,000 00 called for by the warrant. The rule was granted. The Sheriff answered, that when Langmade & Evans, Carr's attorneys, handed him the warrant, he immediately went and made the levy, and got Langmade to enter his levy upon the warrant; directly afterwards Mr. Gilmore, attorney for Moye, came and got the papers, saying Moye would replevy the property, and insisted on doing so then, though it was Saturday night; about an hour afterwards the papers were returned to Pound. On Monday morning Pound handed the papers to Langmade, and asked him if he was "satisfied with the bond, and if all was right." Langmade examined them, and said the bond was good, and all was right, or words to that effect. Then Pound returned

the papers to the Clerk's office of said Court.  About a month afterwards Flournoy, of the firm of Gilmore & Flournoy, called for the papers, and Pound got them from Langmade, and handed them to Flournoy; that Gilmore assured him the papers were all right when he handed them to him on said Saturday night, and "Judge Jones told him (Pound) that the affidavit of Moye was drawn, or to be drawn, by R. L. Warthen, and all was right," and because the papers were from time to time in the hands of the attorneys of either side, he (Pound) supposed all was done which was required by the law, and further, that the cause was docketed by Langmade.  Further, he set up that the warrant was void, because the pretended rent was partly for the hire of mules, provisions, etc., that its amount was uncertain, and if he was liable at all on said rule, he prayed that the jury should find the amount due Carr.

This answer was not traversed, but the parties pro and con examined said lawyers as witnesses before the Judge, (he having refused to submit the matter to a jury.)  The rule was made absolute.  Thereupon Pound's counsel sued out his bill of exceptions.  In it there was no recital of the facts sworn to by these witnesses, except in this way.  It appeared from the evidence that counsel on both sides believed that the affidavit had been filed, and their assurances mislead the Sheriff; and it further appeared in evidence, that Langmade, plaintiff's attorney, entered the case upon the docket, and told the Sheriff the papers were all right, though Langmade denied, when examined as a witness, that he had said anything about the affidavit, or that his attention was called to it, saying that his opinion was confined to the bond, of which he was speaking when he said "all was right."

When the cause was called here for a hearing, counsel for defendant in error moved to dismiss the bill of exceptions because the evidence was not set forth therein.  This Court refused to dismiss the cause, but decided that they would hear nothing connected with the evidence.  The grounds of error in the bill of exceptions were, that the Court erred, because said obligation could not be enforced by distress-war-

rant, because it was not for a sum certain, because it was for hire of mules, etc., as well as for the use of land, because the affidavit did not state that any sum was "due" to him "for rent," because no action lay on said obligation till a designation of the place of delivery and a refusal to deliver; that the Court erred in holding that a rule against the Sheriff was appropriate to this case, and that the Judge could pass upon it without the intervention of a jury, and in holding that the Sheriff was liable for the money, under the circumstances shown by the answer and evidence.

JAMES S. HOOK, for plaintiff in error, said the warrant was bad because this was not a rent contract, and Carr had not made the affidavit required by law : Irwin's Code, secs. 4010, 4011, 4012, 397 ; there had been no breach: Ib., sec. 2259 ; as to distress: 3d Kent's Com., 634; 9 Wend. R., 302; rule was not the remedy: Irwin's Code, secs. 3872, 3873, 3881 ; and if so, Sheriff not liable: Green vs. Jones, 39th Georgia R., 521.

A. R. WRIGHT, by W. HOPE HULL, for defendant in error.

WARNER, J.

The error assigned to the judgment of the Court below in this case is, in making the rule absolute against the Sheriff for the payment of the plaintiff's debt on the statement of facts contained in his answer to the rule against him. The Sheriff's answer was verified by his oath, and was to have been taken as true, unless traversed, as provided by the Code, and a verdict found by the jury against the truth thereof. In our judgment the Court below erred in making the rule absolute against the Sheriff for the payment of the money, and in defalt thereof, that he be attached for contempt, upon the statement of facts contained in the Sheriff's answer to the rule against him.

Let the judgment of the Court below be reversed.