### SCOLLEY *vs.* POLLOCK.

Cotton in the field, not matured, as early as the twenty-eighth day of July, is not the subject of levy and sale, and therefore the purchaser of the crop in its then condition from the defendant in execution obtains a good title.

Levy and sale. Crops. Before Judge WRIGHT. Mitchell Superior Court. March Term, 1880.

Report unnecessary.

BUSH & LYON, by brief, for plaintiff in error.

C. O. DAVIS; D. H. POPE, for defendant.

HAWKINS, Justice.

At the March term of Dougherty superior court, 1880, the case of Joseph Scolley *vs.* M. F. Howell *et al.*, being a *certiorari* case, came up for trial, when it was, upon the following agreed statement of facts, tried before the judge.

1st. That the plaintiff obtained judgment against defendant in *fi. fa.*, at the December term, 1873, of the justice court of the 1033rd district, G. M.; that on the fifth day of November, 1877, said *fi. fa.*, was levied on 1,500 bushels seed cotton, as the property of M. F. Howell, defendant; that Howell rented a field containing sixteen acres, and planted it in cotton, in the spring of 1877, and cultured the same until the twenty-eighth day of July, 1877, when he sold said crop to the claimant for the sum of forty dollars; that claimant ploughed part of the cotton after he bought it. There was a little of the cotton matured when Howell sold. The cotton levied on is a part of the crop sold to claimant.

The judge, on hearing the same, sustained the *certiorari*, and decided that the crop was not subject to levy, upon the facts contained in the *certiorari*, and as

Scolley vs. Pollock.

appeared upon the facts which were submitted to the judge.

This is the only error complained of in the record.

Code, §3642, provides "that no sheriff or other officer shall levy upon any growing crop of corn, wheat, oats, rye, rice, cotton, potatoes or any other crop usually raised or cultivated by the planters or farmers of this state, nor sell the same until such crop shall be matured and fit to be gathered, unless in cases where the debtor absconds or removes from the state or county.

In 6 *Ga.*, 455, the court says: "By law the growing crop could only be sold separately after maturity. Before maturity of crops they are appurtenant to the land, constitute a part thereof, and pass by and with the land." Before maturity the crops only constitute an element of value, and are not themselves distinct chattles. We know of no ruling to the contrary by this court.

It is true, this court has held that a crop planted may be mortgaged, but many equitable rights are subject to contract and mortgage which are not subject to levy and sale by a common law judgment and *fi. fa.* An undivided interest in a partnership, promissory notes, future interest, etc.

It is not every species of property that is subject to levy and sale, but only such personal property and real estate as is subject to identification, and has a corporeal status, competent for seizure.

In this case the levy was upon cotton which was not matured and fit to be gathered on the twenty-eighth day of July, and therefore was not the subject matter of levy and sale.

Judgment affirmed.