### M. M. & C. C. PHILLIPS *vs.* W. H. & W. L. DEAN *et al.*

In May, while a crop was growing, the owner made a contract of sale of "five bales of white lint cotton, each bale weighing five hundred pounds, of the first pickings of the cotton crop now planted and in a growing condition." Certain cotton was picked, but before it was ginned and packed, so as to be taken possession of by the vendees, a judgment antedating the contract was levied on it:

*Held*, that the cotton was subject to the levy.

(*a.*) It is unnecessary to decide whether the contract was a mortgage or a bill of sale.

(*b.*) This case differs from that of *Scolley vs. Pollock*, 65 *Ga.*, 339. There the growing crop was sold in July, and possession was taken of at least a part of it; here the cotton was not conveyed as a growing crop; no particular field or number of acres or of pounds of cotton in gross to be made out of it was specified; but the sale was of bales of cotton. Some of the principles of that case are doubted, and will hardly be extended beyond the facts thereof or similar cases.

October 13, 1885.

Sales.    Title.    Crops.    Before Judge Brown.    Cobb Superior Court.    March Term, 1885.

Certain *fi. fas.* in favor of W. H. & W. L. Dean *et al.* against John and Alfred Pickens were levied on certain cotton, which was claimed by M. M. & C. C. Phillips, under a paper in the form of a bill of sale, the body of which was as follows:

"This bill of sale . . . . witnesseth that the said parties of the first part, for and in consideration of the sum of two hundred dollars in provisions and supplies furnished by the said parties of the second part to the said parties of the first part, to enable them to make and grow a crop in said year 1884, on the land of the said M. M. & C. C. Phillips, in the said county of Cobb, have granted, bargained, sold and conveyed, and do, by this bill of sale, grant, bargain, sell and convey unto the said M. M. & C. C. Phillips the following property, to-wit: Five bales of white lint cotton, each bale weighing five hundred pounds, of the first pickings of the cotton crop now planted and in growing condition by the said John and Alfred Pickens, on the land of the said M. M. & C. C. Phillips, in said county of Cobb, the cotton being of the crop of cotton of the year 1884, now planted and being cultivated by the said Pickenses on the land of the said M. M. & C. C. Phillips. And in consideration of the provisions and supplies, the said parties of the first part agree to pick, gin and bale said five bales of lint cotton, and deliver the same to said M. M. & C. C. Phillips, at Acworth, Ga., on or before October 15th, 1884."

The case was carried from the justice's court to the superior court by appeal, and was submitted to the presiding judge on an agreed statement of facts, the only part of which necessary to be set out are as follows: The supplies were furnished at the time and after the paper was executed, but before the maturity of the crop. The judgments were older than the paper. The cotton levied on was from the first picking, and was not sufficient to pay off the debt to the claimants. The cotton was in the possession of the defendants when levied on. One of the claimants testified that the parties understood and intended that the paper should be a bill of sale to secure the debt for the provisions and supplies.

The court held the property subject, and the claimants excepted.

J. J. NORTHCUTT; W. J. WINN, for plaintiffs in error.

J. E. MOZELEY, for defendants.

JACKSON. Chief Justice.

Whether the paper be a bill of sale or a mortgage, in the view we take of this case, is immaterial. What was sold or mortgaged, is the question. The contract shows what it is. It is " five bales of white lint cotton, each bale weighing five hundred pounds of the first pickings of the cotton crop now planted and in growing condition," etc. It is not the growing crop which was sold, but that part of it which was matured and turned into five bales of cotton, of a certain weight. Before it was ginned and packed, so as to be taken possession of by the claimants, the plaintiffs in execution levied on the cotton in seed, gathered but not ginned and packed, and the judgment thus seizing the matured crop antedated the bill of sale.

The whole case on law and facts was submitted to Judge Brown, who held it subject. We do not see how he could have held otherwise. The moment this cotton was gathered and housed, it became liable to seizure by the sheriff under the *fi. fa.*, and was so seized, and the claim was interposed by the purchasers of five bales of cotton to be made out of it. They contracted for the five bales in May, 1884, while the crop was growing, but they bought no specific amount of the growing crop as a growing crop,—no particular field or number of acres or of pounds in gross to be made out of or on it; but they bought the bales of cotton. So that they bought and were to get part of a crop only when and after it was subject to levy and sale; they had no right of possession till then; but then a higher right had seized it; before they could take it into possession, a higher right to seizure fastened upon it, and the judgment which authorized the seizure was dated a year or so before

This case is wholly unlike the case of *Scolley vs. Pollock*, 65 *Ga.*, 339. There the growing crop was sold in July and claimant took possession of part of it at least by plowing and working it after he bought it. This crop, thus bought and paid for and partly worked by claimant, was levied on when gathered, or part of it was, when it was held that the title was gone by the sale out of defendant in *fi. fa.*, because at the time that the growing crop was sold, it could not be levied on.

We were asked to review that case, but it is unnecessary, as we think it differs widely from this. Some of the principles therein expressed, however, are doubted, and will hardly be extended beyond the facts therein, or similar facts to them.

Judgment affirmed.