## HAYNES *vs.* PERRY, sheriff.

Parties to an execution cannot, by a settlement between themselves, defeat the attorney of any lien or claim under contract with his client, of which the opposite party had notice prior to the consummation of such settlement; but where an attorney, who had placed a *fi. fa.* in the hands of the sheriff, brought a rule against him, and the sheriff answered that the defendants had settled the *fi. fa.* with the plaintiff, and had presented an order from the plaintiff requesting the sheriff to turn over the *fi. fa.* to them, retaining $5.90 attorney's fees, if such answer was not traversed, it must be taken as true; and if the plaintiff, and defendant had settled the *fi. fa.*, it was *functus officio*, and the sheriff had no right to levy it. If the attorney had a lien on the *fi. fa.* for his fees due in that case, or on some other account, of which the defendants in execution had notice, he should have traversed the sheriff's answer; and failing to do so, there was no error in discharging the rule.

October 20, 1885.

Attorney and Client. Liens. Executions. Sheriffs. Levy and Sale. Before Judge KIBBEE. Laurens Superior Court. January Term, 1885.

Mercer Haynes ruled the sheriff of Laurens county, setting out that he had been representing one Henry Coleman, as an attorney at law, from time to time; that Coleman was indebted to him for fees to the amount of $50.00; that he recovered a judgment in Coleman's favor against Shepard *et al.* for $59.17, and the *fi. fa.* was placed in the hands of the sheriff, who, with full notice that movant claimed a lien on the whole *fi. fa.* for his fees, and without instructions from the movant, turned over the *fi. fa.* to one of the defendants.

The answer denied notice of any lien of the movant, or that he had any lien, but stated, that before respondent had any notice of his claim of lien, the plaintiff in *fi. fa.* and one of the defendants made a settlement, and the former gave the latter an order to the respondent to turn over the *fi. fa.* to him upon the payment of $5.90, attorneys' fees, that being the amount of attorneys' fees speci-

fied in the *fi. fa.;* that this was done, and the amount of attorneys' fees was credited on a *fi. fa.* against the movant in the hands of the respondent; that he neither denies nor admits that Coleman is due the movant fees in other cases.

The answer was not traversed. The court discharged the rule, and the movant excepted.

JOHN M. STUBBS; ROLLIN A. STANLEY, for plaintiff in error.

No appearance for defendant.

BLANDFORD, Justice.

Haynes, as an attorney at law, placed a *fi. fa.* in favor of Coleman against Herndon & Shepard in the hands of the sheriff, and instructed him to raise the money due thereon.

Haynes brought a rule against Perry, the sheriff, requiring him to pay the money due on the *fi. fa.* to him. The sheriff answered the rule, and set up that the defendants had settled the *fi. fa.* with the plaintiff, Coleman, and presented an order to him from Coleman to turn over the *fi. fa.* to them, retaining five dollars and ninety cents attorneys' fees. This answer of the sheriff was not traversed, and the court discharged the rule. To this decision Haynes excepted, and error is assigned thereon.

It is declared in section 1990, Code of 1863, that parties cannot, by a settlement between themselves, defeat the attorney of any lien or claim under contract with his client, of which the opposite party had notice prior to the consummation of such settlement. There never has been any alteration of this section of the first Code; it is the law now. The answer of the sheriff, not being traversed, is to be taken as true; and if the parties, plaintiff and defendants, had settled the *fi. fa.,* the sheriff had no right to levy the same; it was *functus officio.* But if the attorney, Haynes, had a lien on the *fi. fa.* for his fees due in that case, or on some other account, of which the defendants in

execution had notice, he should have traversed the sheriff's answer, and presented his claim in an issuable form, which he did not do; and having failed to pursue this course, there was no error committed by the court in discharging the rule against the sheriff.

Judgment affirmed.