Reeves, constable, *vs.* Parish.

Whenever an execution is placed in the hands of an officer for collection, and he fails or neglects to collect it in the time prescribed by law, the law presumes that the plaintiff was injured; and upon a rule against the officer to show cause why he should not be attached for contempt, the burden of proof is upon him to show that the plaintiff was not injured.

November 10, 1887.

Executions.   Levy and sale.   Officers.   Illegality.   Presumptions.   Before   Judge   Roney.   McDuffie   superior court.   March term, 1887.

Parish obtained judgment against Radford on June 20th, 1885; and execution issued on August 20th, 1885, and was placed in the hands of Reeves, constable, on September 5th, 1885, with instruction to make the money on it.   Two days later, he levied it upon sufficient property and advertised the same for sale on September 19th, 1885, the regular justice's court day.   On that day he had the property at the court ground ready for sale, and defendant in *fi. fa.* and his attorney appeared with an affidavit of illegality. The justice of the peace was absent.   The attorney advised the constable that he had authority to swear the defendant to the affidavit; and he received the affidavit and stopped the sale in good faith, but took no forthcoming bond.   In a few days, this attorney notified the constable that the affidavit was not properly sworn to, and withdrew it.   The constable immediately advertised the property for sale on the regular court day in October, 1885, before which another and legal affidavit of illegality was interposed, and was never disposed of.

On December 7th, 1885, the plaintiff in *fi. fa.* obtained a rule *nisi* against the constable to show why he should not be held in contempt for not having executed the *fi. fa.*, and should not pay to plaintiff the damage sustained by his failure to do so.

The remainder of the report will be found in the decision.

P. B. JOHNSON, by brief, for plaintiff in error.

THOMAS E. WATSON, by brief, *contra.*

SIMMONS, Justice.

A rule was issued against David Reeves, constable, calling on him to show cause why he should not be attached for contempt, because he had failed to collect the money on a certain execution placed in his hands as constable for collection. He answered the rule; his answer was traversed; and the case was submitted to the judge to pass upon the questions of law and fact, without the intervention of a jury, upon an agreed statement of the facts. The judge found against the constable and made the rule absolute, and the plaintiff in error excepted, and assigns the same as error.

We think the court did right. The execution was placed in the constable's hands in sufficient time to make the money. Instead of doing so, he accepted a pretended affidavit of illegality, not sworn to, and did not take any forthcoming bond. The acceptance of said pretended affidavit of illegality postponed the sale over and beyond the time in which he was ordered to make the money. Whenever an execution is placed in the hands of an officer for collection, and he fails or neglects to collect the same in the time prescribed by the law, the law presumes that the plaintiff was injured, and upon a rule against him to show cause for contempt, the burden of proof is upon the officer to show that the plaintiff was not injured. He can do

that by showing that the *fi. fa.* is void, or that the property levied on is not the property of the defendant in *fi. fa.*, or by showing any other ground which would be sufficient in law.

In this case the constable did not show, nor attempt to show, in his answer to the rule, that the *fi. fa.* was illegal, or that the judgment was void, or that the property levied on was not the property of the defendant in *fi. fa.*, nor any other sufficient ground which would excuse him under the law; but he simply attached to his answer the affidavit of illegality which was filed subsequent to the pretended affidavit which stopped the first sale. There was no evidence introduced to show to the court trying the case, that either of the grounds of the affidavit of illegality was true. It is not sufficient to excuse him, simply to attach the affidavit of illegality, without establishing or attempting to establish the truth of the grounds taken in the affidavit. If he had shown that either one of the grounds was true, then, of course, the rule ought not to have been made absolute; but as he did not show this, there was no error in the court in making the rule absolute.

Judgment affirmed.