GREEN v. FRANKLIN.

A judgment debtor having conveyed a growing crop as security for a debt before maturity of the crop, and the conveyance not having been recorded within thirty days, nor until after the crop had matured and was levied upon by virtue of the judgment, the lien of the judgment was superior and would prevail against a claim interposed by the holder of the unrecorded conveyance.

December 23, 1890.

Liens. Judgments. Record. Before Judge LUMP-KIN. Wilkes superior court. May term, 1890.

On February 5, 1887, Franklin obtained a common law judgment against Shepherd for $61 principal. On May 18, 1889, Shepherd gave to Green an unconditional bill of sale to Shepherd's entire crop, then planted on certain land, which land was described in the bill of sale and the crop described as being fifteen acres in cotton and eight acres in corn, all unincumbered except for 2,000 pounds of seed-cotton for rent. This bill of sale concluded with the statement that the title to the property was fully conveyed and passed absolutely to Green, his heirs and assigns, and was at all times subject to Green's control and disposition. It was recorded October 26, 1889. It was given to secure a debt for supplies furnished and to be furnished by agreement during 1889, to the amount of $89, due November 1, 1889, and to secure a balance on a note due in 1887. Shepherd remained in possession and worked and gathered the crop, and Green had not taken possession at the time of the levy of Franklin's execution. The execution was levied on October 5, 1889, after the maturity of the crop, on the crop covered by the bill of sale, which was corn and cotton raised by Shepherd on the land; and Green interposed a claim.

The judge, to whom the case was submitted on the above facts, held the property subject, and Green excepted.

COLLEY & SIMS, for plaintiff in error.

No appearance *contra*.

BLECKLEY, Chief Justice.

There can be no doubt that the lien of the judgment would have taken effect upon the crop as soon as the crop matured, if the defendant had not parted with his title before that time. Let it be conceded that the lien of the judgment would never have attached if the conveyance of the crop had not been made as security for a debt but had been made for absolute ownership, then the question arises, what was the effect of not recording the conveyance within the time prescribed by the act of 1885? That act requires that all deeds to realty and bills of sale to personalty, given as security for debt, shall be recorded within thirty days from their date, and declares that if not so recorded, they are postponed to all liens created or obtained prior to the actual record. An exception to this rule is declared with reference to younger liens created by contract where the party receiving such a lien has notice; but there is no exception whatever in the case of liens created by operation of law, whether they be older or younger than the unrecorded conveyance given as security. Acts of 1884–5, p. 124. Here the judgment was obtained in 1887; the conveyance of the crop was made in May, 1889; the crop was levied upon October the 5th, and the conveyance was not recorded until October 26th, 1889. It is admitted that the crop was mature when the levy was made. The lien of the judgment had therefore fully attached before the conveyance was recorded. Under these facts we think the court ruled correctly that the property was subject. The case is unlike *Conder* v. *Holleman*, 71 *Ga.* 93, in which the defendant in execution purchased property conditionally and therefore had no title to it on which the lien of the older judgment could attach. Here the de-

fendant certainly did have title at the time he conveyed to the claimant, and the question is whether he had divested himself of that title at the time the levy was made so as to affect his judgment creditor. The solution of this question depends upon compliance or non-compliance with the recording statute of 1885 by the holder of the conveyance. In order for him to be protected in his title acquired from the defendant in the prior judgment, it was necessary for him to have his conveyance duly recorded, if not within thirty days from its date, certainly before the seizure of the property under the execution. The lien of the judgment was inchoate at the time of the conveyance, and became complete and perfect before the recording statute was complied with. See *Cohen* v. *Candler*, 79 *Ga.* 427.

*Judgment affirmed.*