BOYLES v. THE BANK OF THE STATE OF GEORGIA.

SIMMONS, C. J.—A distress warrant duly issued and placed in the hands of an officer to be executed, can be arrested only by the counter-affidavit and bond for the eventual condemnation money prescribed by section 4083 of the code; and if no such affidavit and bond be filed by the defendant, the officer cannot, in resistance to a rule, justify or excuse a failure to make the money by showing that he inadvertently took, without affidavit, a bond other than that prescribed by law; nor does the return of such a bond make an issue for trial between the plaintiff and the defendant in the

distress warrant. *Huckaby* v. *Brooks,* 75 *Ga.* 678; *Reeves* v. *Parish,* 80 *Ga.* 222.　　　　　　　　　　*Judgment affirmed.*
July 8, 1895.

Rule against constable. Before Judge LUMPKIN. Fulton superior court. March term, 1894.

Plaintiff sued out a distress warrant returnable November 27, 1893, for $45 rent claimed to be due from Singer & Miller. The warrant was placed in the hands of Boyles, constable, to be executed; and he made levy. Singer & Miller filed no counter-affidavit, and gave no bond for the eventual condemnation money; but the constable took from them a forthcoming bond for the goods levied on. In answer to a rule brought by plaintiff for failure to make the money under the warrant, the constable set up the following: At the time of the levy he was informed that Singer & Miller had a good defense to the warrant; and believing they were acting in good faith, he took the forthcoming bond the surety on which was perfectly solvent. He did advertise the property for sale as provided by law. The case was called by the justice on the regular court day to which the warrant was returnable, and was set for trial on December 11, 1893. On November 29, Singer & Miller, supposing judgment had been rendered against them, filed an appeal bond and paid the costs (which were afterwards returned to them). On December 4, they filed a counter-affidavit and gave a replevy bond as required by law, the security thereon being accepted by the justice and amply solvent. On the regular court day in December (the fourth Monday), the case was again called and set for trial on January 10, 1894, when, defendants appearing and there being no appearance for plaintiff, the case was dismissed for want of prosecution. Plaintiff had due notice of the time of said trial, and plaintiff's attorney was several times notified by opposite counsel that they would try the issue made by the warrant and

counter-affidavit, at any time he designated; but he would not try the case. There has been no judgment that Singer & Miller owe plaintiff for rent $45 or any other sum; and respondent claims that the legal effect of the judgment of dismissal for want of prosecution is, that no such indebtedness exists. With this answer appeared in evidence, in addition to the papers referred to therein, an affidavit by Miller, that the warrant was unjust and illegal, and that Singer & Miller were not indebted to plaintiff the amount of said claim nor any part of it. The rule was made absolute.

EDGAR H. ORR, for plaintiff in error.
L. P. SKEEN, contra.