WILKIN *v.* AMERICAN FREEHOLD LAND MORTGAGE COMPANY OF LONDON LIMITED.

The actual injury sustained by the plaintiff in fi. fa. being the measure of the sheriff's liability for not selling the property levied upon, it was error, in a rule against him for a failure to sell, to make the rule absolute for the full amount of the execution, when it was alleged in his sworn answer, which was not traversed, that designated parts of the property levied upon belonged, at the rendition of the judgment and at the time of the levy, to certain named parties other than the defendant in execution and were not subject thereto, and that the value of the balance of such property was less than the amount of the fi. fa.

Argued October 22, — Decided December 15, 1898.

Rule for contempt. Before Judge Sheffield. Miller superior court. April term, 1898.

*Donalson & Hawes, Harrison & Bryan* and *A. G. Powell,* for plaintiff in error.

*W. C. Worrill* and *Anderson, Felder & Davis,* contra.

Fish, J. The defendant in error ruled Wilkin, sheriff, for not selling certain lands, mules, and cotton, which he had levied upon as the property of Clifton, by virtue of an execution proceeding for such company against Montgomery, Clifton, et al. The sheriff answered under oath, and, among other reasons for his not selling the lands and the mules, it was alleged in the answer that when the judgment was rendered upon which the execution was issued and at the time of the levy, the lands and the mules were not the property of Clifton, but that the lands were owned by the Bank of Thomasville, and the mules belonged to Ehrlich & Co., and that neither the lands nor the mules were subject to the execution. The answer alleged that the value of the cotton was $331.00, and the only reason given for not selling it was, that Clifton had presented an affidavit of illegality to the sheriff, which he accepted in good faith, believing it to be legally sufficient. It appears from the record that the illegality was insufficient in law, and that the court had so held. The sheriff's answer was not traversed. Upon the hearing the court made the rule absolute for $1,238.30, as the principal, interest, and cost due upon the execution at the time the sheriff accepted the illegality, with interest on such amount at twenty

per cent. per annum from date of the rule absolute. To the granting of such rule the sheriff excepted.

Under section 4770 of the Civil Code, a sheriff is liable to an attachment for contempt of court, whenever it appears that he has *injured* a plaintiff in fi. fa. by neglecting to levy on the property of the defendant therein; and we think a failure to sell after a levy would, of course, be as much a breach of official duty as neglecting to levy, and the sheriff under the statute would be subject to the same penalties in the one instance as in the other. The measure of the sheriff's liability, however, is the actual injury sustained by the plaintiff in fi. fa. by reason of the sheriff's failure to sell the property levied on; and to show that the plaintiff has not been injured by such failure, the sheriff may, in his defense, prove that the property was not subject to the execution. *Dobbs* v. *Justices*, 17 *Ga.* 624; *Taylor* v. *Johnson*, Id. 521; *Currell* v. *Phillips*, 18 *Ga.* 469; *Hackett* v. *Green*, 32 *Ga.* 512; *Pound* v. *Carr*, 40 *Ga.* 81; *Cowart* v. *Dunbar & Co.*, 56 *Ga.* 417; *Hunter* v. *Phillips*, Id. 634; *Wheeler* v. *Thomas*, 57 *Ga.* 161; *Wakefield* v. *Moore*, 65 *Ga.* 268. The sheriff in the case under consideration alleged in his sworn answer that the lands and the mules, at the time the judgment was rendered and when the levy was made, did not belong to Clifton, the defendant in fi. fa., but that they were the property of other named parties and were not subject to the execution. These allegations of the answer, in the absence of a traverse, should have been taken as true. Civil Code, § 4775; *Hutchins* v. *Hullman*, 34 *Ga.* 346; *Pound* v. *Carr*, supra; *Haynes* v. *Perry*, 76 *Ga.* 33. If true, there could have been no legal sale of the lands and mules, under the fi. fa., and the plaintiff was not injured by a failure to sell them under the circumstances. The reason assigned in the answer for not selling the cotton levied upon was wholly insufficient, and the court would have been authorized to have granted a rule absolute against the sheriff for the value of the cotton, but as the answer alleged it was worth only $331.00, and as no traverse was filed, it was error to make the rule absolute for a larger sum. The plaintiff in execution was only injured to the extent of the value of the cotton.

*Judgment reversed. All the Justices concurring, except Lumpkin, P. J., absent.*