### 121.  PRINCE, sheriff, *v.* WALKER, administrator.

Where the sheriff has levied a common-law fi. fa. upon a crop in the field,. but neglects to sell the same, and is ruled by the plaintiff in fi. fa. for his failure. to make the money, it is not sufficient answer that subsequently to the levy the landlord of the owner of the crop carried the crop away and appropriated it to the payment of a lien due him, superior to that of the plaintiff in fi. fa.; but so far as the answer to such a rule denies that the crop was of the value alleged by the plaintiff in fi. fa., it is good and should not be stricken.

Money rule, from city court of Dublin—Judge Burch.  March .9, 1906.

Argued February 19,—Decided February 21, 1907.

*W. C. Davis,* for plaintiff in error.  *Ira S. Chappell,* contra.

POWELL, J.  Prince, as sheriff of the city court of Dublin, levied a common-law fi. fa. in favor of Walker upon certain crops of the defendant in fi. fa.  Subsequently, upon the sheriff's neglecting to sell the property, Walker brought rule, alleging that the crops levied on were amply sufficient to pay the fi. fa. in full, and that by the sheriff's failure to proceed with the levy he had been damaged in the amount of his debt.  The sheriff answered, admitting the levy, but denying that the crops levied on were sufficient to have paid the fi. fa., and setting up additionally that after the levy the crops were removed from the field by the landlord of the defendant in fi. fa. and appropriated to pay the rent due the landlord for the use of the land on which the crops were raised, that it took all of said crops so levied on to pay the lien for rent, and that the landlord's lien was superior to plaintiff's fi. fa.  The court struck the entire answer as being wholly insufficient in law, and gave rule absolute for the amount of plaintiff's fi. fa.  The sheriff excepts.

So far as the answer of the sheriff denied that the crops were sufficient to pay the fi. fa., it presented a good defense.  "Two things are necessary to. fix the sheriff's liability by rule—contempt of court in not executing its process, and injury to the plaintiff." *Wheeler* v. *Thomas,* 57 *Ga.* 163; see also *Wilkin* v. *Am. Freehold Mortgage Co.,* 106 *Ga.* 182.  It seems plain, therefore, that this portion of the answer should not have been stricken.  There is more difficulty as to the other excuse set up by the sheriff for not making the money: that after the levy the landlord took the crops

and applied them to his superior lien.　The sheriff contends that by showing this fact he demonstrates that no injury has resulted to the plaintiff in fi. fa.; and we must confess that the proposition strikes us with considerable force; however, after an examination of the authorities, we have concluded that this does not present any sufficient answer.　The levying officer may show outstanding title in a third person to escape liability for not selling property levied on; but the landlord has no title.　His only remedy by which he could protect his lien after the levy by the sheriff was to sue out a distress warrant, and to place it in the hands of the sheriff for the purpose of claiming the proceeds upon rule to distribute.　*Mulherin* v. *Porter,* ante, 153.　Upon such a rule the plaintiff in fi. fa. could have contested with the landlord upon equitable principles, and probably upon more favorable terms than he could have resisted the defense set up by the sheriff under the landlord's rights; since in the latter case the matter has been so brought about that the sheriff and the landlord, whose interests would naturally be in line with those of the sheriff, are probably enabled to claim a monopoly, upon the direct proof as to the value of the crops.　Justice Samuel Lumpkin, in *Duncan* v. *Clark,* 96 *Ga.* 266, in discussing the reasons why it is necessary for the landlord to foreclose in order to assert his lien, adverts to this question, as follows:　"It covered the entire crop of the tenant, and it is obvious that in such a case the landlord and tenant, by collusion between themselves, could easily defraud judgment creditors of the latter, if he were allowed, by merely delivering the crops, or a portion thereof, to the landlord, to vest in him a title which would be superior to the lien of existing judgments against the tenant.　The tenant, by delivering to the landlord more than enough of the crops to satisfy the landlord's lien, could, with the latter's connivance, cover up property really subject to judgments held by other creditors.　Hence, in such cases, as was suggested in *Stallings* v. *Harrold, Johnson & Co.* [60 *Ga.* 478], the necessity that the property be legally administered and the proceeds paid out according to due priority, thus giving to all persons interested the assurance of obtaining their exact rights."　If the sheriff had maintained his levy, the landlord might have found other means of obtaining the sum due him.　We therefore hold that the portion of the answer relating to the seizure of the crops by the landlord

and the appropriation of them to the rent·lien·was properly stricken. The sheriff's remedy in the matter is to sue the landlord for the violation of the levy. To such a suit the landlord would not be permitted to set up as a defense his wrongful seizure of the property from the sheriff's possession. The sheriff's title acquired by the levy is superior to the landlord's unforeclosed rent claim. Let there be a new trial, solely on the ground indicated in the headnote.                     *Judgment reversed.*