### 501.  HIXON *v.* CALLAWAY, sheriff.

1. Rules against officers of courts for breaches of duty are not within the purview of statutes regulating defaults under ordinary procedure by petition and process. The court, in its discretion, may allow the officer to make answer at any time before the rule is made absolute.
2. Whenever an execution is placed in the hands of a levying officer, with direction to levy it (the defendant being in possession of property), and he fails to make the money within the time prescribed by law, the law presumes injury to the plaintiff in fi. fa. The officer may successfully defend against a rule brought against him to establish liability in such cases, by showing that, despite the defendant's possession of the property, there was outstanding in a third person a title thereto superior to the plaintiff's judgment.
3. The lien of a judgment duly recorded on the general execution docket is, after the maturity of a growing crop of the defendant in fi. fa., superior to the title thereto obtained through a bill of sale to secure a debt, executed by the defendant in fi. fa. to a third person after the judgment is recorded, but before the crop is mature.
(a) The act of December 21, 1899, providing that mortgages given to secure supplies necessary to make a crop shall be superior to older judgments, does not include within its purview bills of sale given to secure such supplies.
(b) It appearing in this case that the defendant in fi. fa. was in possession of a mature crop sufficient in amount to pay off the judgment of the plaintiff in fi. fa., and that this fi. fa. was placed in the hands of the sheriff, with directions to levy, and the excuse of the sheriff for not levying being the existence of a bill of sale to secure a debt, executed by the defendant to a third person subsequently to the recording of the plaintiff's fi. fa. on the general execution docket, the court erred in. not making the rule against the sheriff absolute.

Rule, from city court of Washington—Judge Hardeman. April 29, 1907.

Argued October 15,—Decided October 22, 1907.

*W. A. Slaton, J. W. Hixon,* for plaintiff in error.

*F. H. Colley, William Wynne,* contra.

POWELL, J. The plaintiff in error, Hixon, had a judgment against Henry Tunnell, dated April 15, 1906, on which execution was issued April 19, 1906, and recorded on the general execution docket May 7, 1906. In the fall of 1906 he placed the execution in the hands of the defendant in error, Callaway, then sheriff of Wilkes county, for levy. He pointed out certain mules and a crop in the possession of the defendant in fi. fa., to be levied on. The sheriff failed to levy, and at the January term, 1907, Hixon brought petition for rule against him. The judge issued the rule, requiring the sheriff to answer instanter; and this was served upon the sheriff. The sheriff did not answer until the April term of the court; but no rule absolute was taken. At the April term the sheriff answered substantially that he had not levied, because the defendant in fi. fa had no property subject to levy. The plaintiff moved to strike the answer, because it was not filed at the first term; the court overruled the motion; and this ruling is the basis of an exception in the record. The plaintiff traversed the answer, and evidence was introduced. There was undisputed evidence that the mules were not subject; and the plaintiff abandoned any claim as to these. As to the crop, it appeared that the defendant in fi. fa., as a tenant of one Carlton, made crops in the year 1906, of greater value than the plaintiff's fi. fa. On May 19, 1906, to secure the necessary supplies in the sum of $250, he executed to the Tyrone Mercantile Company a bill of sale to the growing crop. This bill of sale was recorded May 30, 1906. On account of this bill of sale the sheriff declined to levy. The court, upon the hearing, discharged the rule, and the plaintiff in fi. fa. brings error.

1. As to the exception that the court erred in not striking the answer of the sheriff because it was not filed at the first term, we hold that the court did not abuse its discretion. Rules against officers are sui generis, and are governed more largely by the discretion of the court in each particular case than by the technical rules of ordinary procedure. In an ordinary action begun by petition and process, the judge would not have had the power to allow the belated answer filed. *Beacham* v. *Kea,* 118 *Ga.* 406

(45 S. E. 398); *Dodson Printers' Supply Co.* v. *Harris,* 114 *Ga.* 966 (41 S. E. 54). But rules against officers are not within the purview of these statutes regulating defaults. *Holcombe* v. *Dupree,* 50 *Ga.* 336; *Wakefield* v. *Moore,* 65 *Ga.* 268. While the court might have made the. rule absolute at the first term. for failure of an answer, yet, not having done so, he had the right to allow the answer to be filed subsequently. See *Brantley Co.* v. *Southerland,* 1 *Ga. App.* 806 (57 S. E. 960).

2. Whenever an execution is placed in the hands of an officer for collection, and he fails or neglects to collect it in the time prescribed by law, the law presumes that the plaintiff was injured; and upon a rule against the officer to show cause why he should not be attached for contempt, the burden is upon him to show that the plaintiff was not injured." *Reeves* v. *Parish,* 80 *Ga.* 222 (4 S. E. 768). The plaintiff makes a prima facie case for the full amount of his judgment by showing that a valid execution was placed in the hands of the sheriff for levy, and that the defendant in fi. fa. was in possession of sufficient property to satisfy it. The sheriff may successfully defend by showing that, despite the defendant's possession of the property, there was a. title thereto paramount to the plaintiff's judgment, outstanding in a third person. *Brannon* v. *Barnes,* 111 *Ga.* 850 (36 S. E. 689); *Wilkin* v. *American Freehold Land Co.,* 106 *Ga.* 182 (32 S. E. 135). The measure of liability is the actual injury sustained by the plaintiff in fi. fa.

3. This brings us to the question whether the bill of sale of the Tyrone Mercantile Company was superior to the plaintiff's judgment. In point of time, both of actual creation and of record, the judgment was superior. Ordinarily this would make a case where the outstanding title would not be paramount to the plaintiff's judgment, and would therefore not afford a defense to the sheriff, upon the rule. However, two reasons are set up why this rule does not apply. The first is based upon the act of December 21, 1899 (Ga. Laws 1899, p. 78), which provides that "the lien of mortgages on crops, which mortgages are given to secure the payment of debts for money, supplies, and other articles of necessity, including live stock, to aid in making and gathering such crops, shall be superior to judgments of older date than such mortgages." Since the Tyrone Mercantile Company did not take a mortgage,

which is a mere lien, but a bill of sale, which passes title, the statute is not applicable. As Justice Lamar, in the case of *Franklin* v. *Callaway,* 120 *Ga.* 383 (47 S. E. 970), says, this act "is limited in its application." "The solitary provision is that such mortgages for supplies shall take priority over older judgments." In many respects bills of sale to secure debts are similar in effect to mortgages; but in other cardinal features they are totally different. The existence of such a bill of sale, when superior to the judgment, prevents levy of the fi. fa. until the amount of the debt due on the bill of sale is paid or tendered. *Shumate* v. *McLendon,* 120 *Ga.* 396 (5, 6, 9) (48 S. E. 10); Civil Code of 1895, § 5433. The existence of a mortgage, although superior to the judgment, as to rank of the respective liens, does not prevent the levy of the fi. fa; and indeed (to follow the analogy of *Price* v. *Walker,* 1 *Ga. App.* 282 (58 S. E. 61)) would not be a sufficient answer by the officer when ruled for failure to levy; although after the levy and sale the mortgage might take the money on a rule to distribute.

The other contention is based upon the Civil Code, § 5425, which provides "No sheriff or other officer shall levy on any growing crop of corn, wheat, oats, rye, rice, cotton, potatoes, or any other crop usually raised or cultivated by the planters or farmers of this State, nor sell the same, until such crop shall be matured and fit to be gathered: provided this provision shall not prevent any levying officer from levying and selling crops as heretofore practiced in cases where the debtor absconds or removes from the county or State, or from selling growing crops with the land." It is contended that since the crop was not mature at the date of the execution of the bill of sale, it was not subject to levy, and that therefore the lien of the judgment did not attach. Application of general legal principles to cases respecting growing crops has given courts and law commentators no little trouble; indeed we are prepared to endorse heartily the frank confession of Chief Justice Simmons in the case of *Bagley* v. *Columbus Southern Railway Co.,* 98 *Ga.* 631 (25 S. E. 638, 34 L. R. A. 286, 58 Am. St. R. 325), when, after reviewing a mass of decisions of courts and statements of text-writers, he notes the hopeless confusion and says: "Any one wishing to further entangle himself in the mystic maze of uncertainty and contradiction in which the law gov-

erning growing crops has become involved, may profitably direct his attention to the legion of cases cited by the various text-writers to whom we have above referred—the field thus open to him is promising even unto distraction." For some of the confusion of opinion existing in this State the decision in *Scolley* v. *Pollock,* 65 *Ga.* 339, must be held responsible. In that case the plaintiff held an old judgment; the defendant in fi. fa sold his crop before maturity to the claimant, who took possession and cultivated it to maturity; and the court held that the crop was not subject to the fi. fa, which antedated the purchase. The headnote in that case is in the following language: "Cotton in the field, not matured, as early as the twenty-eighth day of July, is not the subject of levy and sale, and therefore the purchaser of the crop in its then condition from the defendant in execution obtains a good title." In the body of the decision, the court, after stating the facts, cites and sets out the code section above, and immediately thereafter quotes from the case of *Pitts* v. *Hendrix,* 6 *Ga.* 455, as follows: "By law, the growing crop could only be sold separately after maturity. Before maturity of the crops they are appurtenant to the land, constitute a part thereof, and pass by and with the land," and then further says, "Before maturity the crops only constitute an element of value, and are not themselves distinct chattels;" and then, by what seems to be a glaring non sequitur, holds as we have just shown in the quotation from the headnote of the case. It seems clear to us that while the statute postpones the time of levy, it does not prevent the lien of the judgment from attaching in the meantime. If, for lack of "corporeal status competent for seizure," no lien can attach, for the same reason delivery, which is essential to a complete sale, would seem to be precluded. This and other apparent inconsistencies resulted in this case being brought under review by the Supreme Court in the case of *Phillips* v. *Dean,* 76 *Ga.* 10. After distinguishing the case from the one then at bar, the court says: "We were asked to review that case, but it is unnecessary, as we think it differs widely from this. Some of the principles therein expressed, however, are doubted, and will hardly be extended beyond the facts therein, or similar facts to them." The Supreme Court having left the case of *Scolley* v. *Pollock,* supra, thus doubted, limited, and partially disapproved, we will treat it likewise. The present case, as well as

the case of *Phillips* v. *Dean,* supra, is distinguishable from that case, by reason of the fact that the defendant in fi. fa. there delivered possession of his inchoate property to the claimant, who by his cultivation brought it to maturity. Possibly, in such cases the title of the purchaser should be superior to the lien of the judgment until he has been paid for the labor and expense incurred by him in bringing the crop to maturity; and equitable procedure would be necessary to subject the inchoate interest formerly possessed by the defendant in fi. fa. In the case at bar no such state of facts exists. The opening sentences of Chief Justice Bleckley in the opinion in the case of *Green* v. *Franklin,* 86 *Ga.* 360 (12 S. E. 585), while excluding the decision of the question as not being in the case before him, bear an undercurrent of intimation that the lien of a judgment is superior to a subsequent sale of an immature crop. It is not necessary, however, to decide what would be the respective rights of the holder of a lien by judgment and of the holder of a bill of sale (whether absolute, or as security for a debt) prior to the maturity of the crop. The question is as to their rights after the crop has been matured by the defendant in fi. fa. While the lien of the judgment may not seize the crops prior to maturity, it ranks as of the date of the judgment, and not as of the date the crop became mature. This is plain; for if the crop should be seized under two judgments or under a judgment and an ordinary mortgage, we would not, in determining priorities, declare the liens equal on the theory that both attached at the same instant, to wit, the moment the crop became mature, but would look only to their respective dates. The lien of the judgment is enforceable only after the crop is mature; but, under the Civil Code, §2779, when it is properly entered on the general execution docket, it takes precedence over the interest of all persons (holders of special liens declared superior by statute, of course, being necessarily excepted) who thereafter "may have acquired a transfer or lien binding the defendant's property." It follows that Hixon's judgment was superior to the bill of sale of the Tyrone Mercantile Company; and that the court erred in discharging the rule against the sheriff.

*Judgment reversed.*