#### 4783.  HICKS, sheriff, *v.* WARFIELD & CO.

1. "An officer like a sheriff must be diligent as well as honest."  Where an attachment is placed in the hands of the sheriff to be levied upon described personal property, it is his duty to make a diligent search for the property, and, in the absence of a statutory replevy bond, to seize and hold the same.  If the sheriff makes no search, but, relying upon the statement of the defendant that the property is in his possession, and that when the officer calls for it he will produce it or will give him the bond, makes an entry of a levy on the attachment, leaving the property in the defendant's possession, the sheriff, on failure of the defendant to produce the property or give the bond, is liable to the plaintiff for any damage resulting from the neglect to perform his official duty.

2. Where an attachment is placed in the hands of a sheriff to levy upon personal property therein described, and he does not make a levy, or, after making a levy, leaves the property in the defendant's possession, without taking the statutory bond for its retention, and the property can not subsequently be found, a presumption arises that the plaintiff in the attachment was injured and damaged, and, on the trial of a rule against the sheriff, the burden is on him to show the contrary.

DECIDED AUGUST 11, 1913.

Money-rule; from city court of Oglethorpe—Judge Greer.  January 31, 1913.

*J. J. Bull & Son,* for plaintiff in error.

*F. Chambers & Son,* contra.

HILL, C. J. The questions in this case arise on a rule against a sheriff for failure to take the statutory bond for property levied on under an attachment for purchase-money. The judge, who tried the rule without the intervention of a jury, made it absolute; and the writ of error challenges the correctness of that judgment. The facts were not in dispute. Briefly stated they are as follows: Warfield & Company sued out an attachment for purchase-money and placed it in the hands of the sheriff to be levied. The sheriff made an entry of levy on the property described therein. Subsequently a declaration in attachment was filed and a final judgment taken in favor of the plaintiffs for the property, and the execution issued thereon was also placed in the hands of the sheriff. It appears, from the evidence, that the entry of levy made by the sheriff on the attachment, according to his answer to the rule, was made by him upon the statement of the defendant in attachment that the sheriff could not find the property described, to levy on it, but that it was in the defendant's possession, and that he would deliver the property to the sheriff on demand, or would give him a statutory bond therefor. Upon this statement and promise of the defendant the sheriff made the entry of levy. The defendant failed and refused to deliver the property described in the entry of levy and also refused to give the statutory bond, and thereupon this rule was brought against the sheriff.

We think it is very clear that the judgment of the trial judge was correct. The answer to the rule set up no defense in law whatever, either for the making of the entry of levy, which was untrue, or for the failure of the sheriff to take the statutory bond. It was the plain duty of the sheriff, when the attachment was placed in his hands, to make diligent search for the property, and, when found, to seize it. He had no right to rely upon the statement of the defendant in attachment that he would deliver the property or give the statutory bond. The duty of the sheriff was to make the levy, seize the property thereunder, and demand the bond, and, on failure to give it, it was his duty to take possession of the property and keep it to answer the attachment. "An officer like a sheriff must be diligent as well as honest." He had no right to take the mere word or promise of the defendant in attachment to produce the

property or give bond; and if he did so, he acted at his peril. The statement in the sheriff's answer that he made the entry of levy on the attachment through mistake, in that the entry recited that the property levied upon was in the possession of the defendant, when in fact it was not in his possession, construed with the further allegation made by the sheriff, in his answer, that he made this entry relying solely upon the defendant's statement that the property was in his possession and that he would deliver it or give the statutory bond, shows that the untrue entry was made through lack of diligence on the part of the sheriff. The sheriff is liable to be ruled for his failure to take the replevy bond in an attachment case as required by law. *Ford* v. *Perkerson,* 59 *Ga.* 359; *Boyles* v. *Bank,* 96 *Ga.* 796 (22 S. E. 582. If a sheriff makes a false return, he is liable to answer in damages to any one who is injured thereby. *Duncan* v. *Webb,* 7 *Ga.* 187). And if a sheriff, when he seizes property, turns it over to the defendant without taking a bond, he does so at his peril. *Cape Fear Steamboat Co.* v. *Bartholomess,* 67 *Ga.* 455. According to the sheriff's answer, he left the property in the defendant's possession merely upon the promise of the defendant to produce it or give a bond. This was a most flagrant failure on the part of the sheriff to perform his official duty to take the bond or seize the property. The only excuse he could give for not making the levy was that after diligent search he could not find property to levy upon. The entry of levy was calculated to deceive the plaintiffs. They relied upon this official statement that the property of the debtor had been seized by the sheriff, and were lulled into security, and thus the defendant in attachment was enabled, by the misconduct of the sheriff and the want of any further activity on the part of the plaintiffs, to make away with the property and to leave the plaintiffs remediless, especially as the defendant in attachment was insolvent. There can be no doubt, on this branch of the case, that the trial judge properly made the rule absolute; the answer of the sheriff setting up no defense whatever.

It is said, in the next place, that there is no allegation or proof that the plaintiffs were injured or damaged by this misconduct of the sheriff. It has been held that when an execution has been placed in the hands of an officer for collection, and he fails to collect it in the time prescribed by law, the law presumes that the plaintiff was injured, and, upon a rule to show cause, the burden

is upon him to show that his neglect has caused no injury to the plaintiff. *Reeves* v. *Parish,* 80 *Ga.* 222 (4 S. E. 768); *Hixon* v. *Callaway,* 2 *Ga. App.* 680 (58 S. E. 1120). Irrespective of this presumption, we think that the facts, even as set up in the answer of the sheriff, show that the plaintiffs were injured by the sheriff's failure to perform his duty.    *Judgment affirmed.*