No. 42.—THOMAS A. BRANNON, plaintiff in error, *vs.* THE
CENTRAL BANK, defendant in error.

18  361
86  667

[1.] Where a *rule nisi* had issued against a Sheriff, calling on him to make
return of his actings and doings upon a *fi. fa.* which had been placed in
his hands, and he makes his return thereto, without objecting that the
terms of the rule are too uncertain, and issue is joined upon his return,
which is submitted to a Jury, and a trial had thereon; still, without objec-
tion from the Sheriff on account of such uncertainty: *Held,* that after ver-
dict, an objection on account of such alleged uncertainty, came too late.

[2.] It seems to be the usual method of procedure, first to require a return
from the Sheriff of what he has done, when it is desired to move against him
for supposed failure of duty, in enforcing a process which has been placed
in his hands; and if he be found in default, he is called upon, then, to
show cause why he should not be attached for a contempt. Still, if the
*rule nisi,* when first taken, be so framed as to notify him, that an attach-
ment for contempt will be moved against him, if, upon making his return,
he should be found in default, it would seem that this is a sufficient com-
pliance with the demands of substantial justice.

[3.] When there has been an omission to enter a *rule nisi* against the Sheriff
upon the minutes, at the time it was taken, the same may be afterwards
entered *nunc pro tunc.*

Rule, in Muscogee Superior Court. Decision by Judge
WORRELL, December Term, 1854.

At November Adjourned Term of Muscogee Superior
Court, 1849, a rule *nisi* was taken against Brannon, former
Sheriff, to show cause why he should not pay over the amount
due on the case stated, or the rule "be made absolute, and an
attachment issue against him, as being in contempt of this
Court." The case was stated as "a *fi. fa.* in Superior
Court," without stating from what county, or the amount
thereof. At December Term, 1854, a motion was made to
arrest judgment on this rule *nisi,* because of uncertainty, in
not specifying the county whence the *fi. fa.* issued, or the
amount thereof. In the meantime, however, at the June
Term, 1854, the Sheriff had made return to the rule, issue
had been joined, and a verdict found in favor of plaintiff.

The Court refused to arrest the judgment, and Brannon excepted.

The rule *nisi* never having been entered on the minutes, the Court ordered the same entered *nunc pro tunc.* To this order Brannon excepted.

The Court, on motion, granted an order absolute, and directed an attachment to be issued, committing the Sheriff, without bail or mainprize, until he purge himself of the contempt, by paying over the money. To this order Brannon excepted.

On these exceptions error is assigned.

JOHNSON & SLOAN, for plaintiff in error.

THOMAS and DOWNING, for defendant in error.

*By the Court.*—STARNES, J. delivering the opinion.

[1.] It is alleged, that the Court erred in over-ruling the motion to arrest final judgment against the Sheriff, on the two grounds—1. Because no rule *nisi* against him had been granted. 2. Because the paper purporting to be such, was uncertain and indefinite in its character.

1. The record before us shows that a rule *nisi* had issued. Perhaps not in the form which is most commonly adopted; but it is a rule calling on the Sheriff to make a return of his actings and doings upon the *fi. fa.* which is stated at the head of the rule; and in connection therewith, to show cause why he should not be attached for a contempt of Court.

2. It is true that the rule is not so certain in its terms as it might be made. But it seems to have been sufficiently certain, to have enabled the Sheriff to make his return thereto, without objection from him at the time. Issue was taken with that return by the plaintiff, a trial had thereon before a Jury, and verdict rendered without any such objection on the part of the Sheriff. After this, such an objection comes too late. And it must be presumed, that if the rule was not at first

sufficiently certain for all purposes of notice to the Sheriff, it was made so, to his satisfaction, at the trial.

[2.] It is next insisted, that the Court erred in making the .rule absolute, and granting an attachment against the Sheriff, 1. Because the Sheriff should have been notified and required to show cause why he should not be punished for contempt, before the attachment issued. And to support this position, *Davis vs. Irwin,* (8. *Geo. R.* 156,) was cited.

In that case, the error alleged was, that " after the rule was made absolute against the Sheriff, an attachment was ordered to issue against him, without first calling on him to show cause why the attachment should not issue against him." This is the objection which the Court there says, " was well taken." But here the attachment was not ordered to issue, without first calling on the Sheriff to show cause why he should not be attached. He was called on by the rule *nisi* to make return of his actings and doings in the premises, and also to show cause why he should not be attached for a con- tempt. Thus, in effect, he was notified that an attachment would be moved against him, if it should appear that he had not done his duty, and had not paid what he had collected on the *fi. fa.*

We believe that it is the usual method of procedure, first, to require a return of what the Sheriff has done, when it is desired to move against him for supposed failure of duty in enforcing a process which has been placed in his hands for execution. And if he be found derelict, he is called on to show cause why the rule should not be made absolute and he should not be attached for a contempt. Still, if he do receive notification at the time the rule is first moved against him, that an attachment for contempt will be moved against him, if he should be found in default, is not the result, *in point of substantial justice,* the same to him ?

It has been objected that the final rule, in this case, should not have been that the Sheriff do pay the money, but that he should have been attached for a contempt, if he were found in default of duty.

One construction of the rule which was taken, may be, that it was intended as a punishment for contempt, and that he should be imprisoned until he purged himself of such. contempt, by paying the money found to be due.   But that payment, itself, may be regarded as having been intended as a punishment for the contempt; and hence, the objection cannot be sustained.

[3.] The admission of the entry of the rule *nisi* upon the minutes, *nunc pro tunc*, was in accordance with a well settled and judicious practice; and we have no fault to find with it.

Judgment affirmed.