Wheeler vs. Thomas.

A. W. WHEELER, sheriff, plaintiff in error, vs. GEORGE W. THOMAS, defendant in error.

1. In answer to a rule against a sheriff for neglect of duty in levying upon and selling property, he cannot set up that he was served by defendant with an affidavit of illegality which was predicated solely on his own or his deputy's neglect of duty. No man can take advantage of his own wrong, or that of those under his authority and subject to his control.

2. In answer to rule, the sheriff may show that the *fi. fa.* has been paid off in whole or in part, and thereby that the plaintiff has not been injured by his default to the extent claimed, and it is error to strike such answer on demurrer, and make the rule absolute for the whole sum apparently due on the face of the *fi. fa.*

3. While a rule *nisi* calling upon the sheriff to show cause why he should not be attached for contempt in not paying over the sum found due on the rule absolute, is necessary before an order for attachment against him shall issue, yet the rule *nisi* calling upon him to show cause why he does not pay the money, may also contain in itself a rule *nisi* for attachment. The essential thing is that the sheriff shall not be attached and imprisoned without an opportunity to be heard.

Sheriff. Levy and sale. Damages. Contempt. Before Judge CLARK. Sumter Superior Court. April Term, 1876.

Reported in the opinion.

HAWKINS & HAWKINS; B. P. HOLLIS, for plaintiff in error.

GUERRY & SON, for defendant.

JACKSON, Judge.

This was a rule against the sheriff to show cause why he should not pay over a certain sum of money to the plaintiff on account of failure to sell defendant's property and collect the same. The sheriff showed for cause, in his answer, that defendant had interposed an affidavit of illegality on two grounds: first, that he had pointed out other property, and the sheriff had not levied on it; and, second, that he had received no notice of the levy from the sheriff; and also to the

effect that the rule *nisi* was for too much; that the *fi. fa.* had been reduced by other payments not credited thereon, and in support of this last ground he appended the affidavit of W. A. Hawkins, the defendant, that he had paid certain sums thereon, and that no such amount as that claimed in the rule *nisi* was due. The plaintiff demurred to this answer, the court sustained the demurrer, and made the rule absolute for the amount claimed in the rule *nisi*, and ordered the sheriff attached, etc. There were sundry affidavits in respect to the amount due on the *fi. fa.* The errors assigned are: first, that the affidavit of illegality protected the sheriff; second, that the court erred in sustaining the demurrer to the sheriff's answer, and making the rule absolute for the entire amount; and, third, that the court erred in attaching, or ordering the sheriff attached, without prior rule *nisi* calling on him to show cause why he should not be attached.

1. In respect to the affidavit of illegality we think that it cannot protect the sheriff. The grounds are, the sheriff's *neglect* of duty in not levying upon property in possession of defendant, pointed out by him, and in not giving defendant notice of levy. The sheriff cannot protect himself by his own neglect of duty, and his deputy's neglect is the same as his own. At least, he cannot defend himself by setting up that neglect.

2. In respect to the second point, we are constrained to hold that the sheriff was entitled to show that the *fi. fa.* was paid off in whole or in part, so as to fix the measure of his liability. *Prima facie* the plaintiff is hurt or injured to the amount on the face of the *fi. fa.* appearing due thereon, but the sheriff may show that this amount was not correct, and that the plaintiff is not injured that much. Suppose the sheriff, in his answer, said the whole *fi. fa.* was paid off, and the answer was not traversed but stricken on demurrer, should a rule absolute go against the sheriff unless the plaintiff traversed the answer and the fact was found against it? Certainly not. So if half, or any part were paid off, ought the sheriff still to pay the plaintiff *all?* The rule *absolute* binds the sheriff

forever ; he cannot go behind it ; shall the plaintiff get money out of him, which he not only never lost by *the sheriff's default*, but never lost at all?　It has been decided by this court that two things are necessary to fix the sheriff's liability by rule—contempt of court in not executing its process, and injury to the plaintiff: *Cowart vs. Dunbar,* 56 *Georgia Reports,* 417 ; *Hunter vs. Phillips, Ibid.,* 634 ; Code, section 3949. Of course injury to the plaintiff includes or involves *the amount* of the injury, and the sheriff is at liberty to lessen that amount by showing that the plaintiff has been paid on the *fi. fa.,* since judgment, money not credited thereon, and thus that he is injured only so much as remains due.　In respect to the affidavits of what is due, we cannot see how they were considered or could have been on demurrer to the sheriff's answer.　On the traverse of the answer testimony could be heard, the *onus* being on the sheriff to show that the amount due on the face of the *fi. fa.* ought to be lessened by sums paid to the plaintiff since judgment.

3. In regard to the third point, we think the regular course would be, after rule absolute, to serve rule *nisi* upon the sheriff to show why he should not be attached for contempt for not paying over the money found in that rule absolute, as held in *Wheeler vs. Harrison,* at this term; but in this case the rule *nisi* does call upon the sheriff to show cause both why he should not have rule absolute go against him and why he should not be attached.　The two are blended in one, and this, though irregular, seems to have the sanction of this court : 18 *Georgia Reports,* 361.　We reverse the judgment of the court below solely on the ground that the court erred in not permitting the sheriff to show, that since judgment sums had been paid upon the *fi. fa.* which were not credited thereon, and that thus he had not *injured* plaintiff as much as plaintiff alleged.　Of course we do not mean to overrule what Judge LYON said in 30 *Georgia Reports,* 664, in regard to the sheriff having nothing to do with the equities between plaintiff and defendant.　We mean simply to hold that the sheriff, in answer to rule, can show that the *fi. fa.* has been paid in

whole or in part, in order to fix the injury he has done the plaintiff.

Judgment reversed.