## O'PRY *v.* KENNEDY.

1. Though by section 3646 of the code a sheriff who has levied an execution upon heavy machinery, such as a planing-machine, is authorized to sell it without removing it from the premises where it is seized and conveying it to the place of sale, this does not relieve him from the duty of maintaining his custody and possession of such property until he disposes of it by a legal sale. If through the omission of due care and diligence he loses control of the property and for that reason fails to sell it, he is answerable to the plaintiff in execution for its value, or for the amount of the execution if less than its value.

2. Where a rule *nisi* against the sheriff recites a levy upon personal property by virtue of an execution particularly described, the principal, interest and cost being specified, and requires the sheriff to show cause why he has not made the money and why the rule should not be made absolute and an attachment issued against him, this is a virtual though an indirect allegation that the plain-

tiff has sustained damage to the full amount of the execution by the sheriff's default. If, without objecting by demurrer or otherwise to the certainty or directness of the allegation, the sheriff answers the rule, admitting the levy and justifying his failure to sell, but not suggesting that the value of the property was less than the amount of the debt, the sufficiency of the property to pay the debt is by implication admitted. The justification set up in the answer being traversed, and the issue being found by a jury against the sheriff, he stood convicted of making a false answer,. and after such verdict there was no abuse of discretion by the court in granting a rule absolute corresponding in amount to the specifications in the rule *nisi*.

3. If a party has two defences, one going to the whole cause of action, the other to a part only, he must set up both before verdict. After the sheriff's answer alleging matters of fact in justification of his failure to sell property has been traversed, the traverse tried and a verdict rendered on that issue, he is not entitled to amend his answer by alleging that the property was only of a certain value, or of less value than the amount of the execution.

4. A person ruled in the superior court as a deputy-sheriff of the county cannot raise the question of his official character after he has answered the rule and a verdict has been rendered against him upon a traverse of his answer.

5. The rule *nisi* for attachment may be embraced in the original rule to show cause which precedes the rule absolute fixing liability upon the officer to pay the money.

February 23, 1891. By two Justices.

Rule against sheriff. Execution. Practice. Amendment. Before Judge Miller. Bibb superior court. April term, 1890.

A rule *nisi* from the superior court, issued on November 22, 1889, against O'Pry as deputy-sheriff of Bibb county, having been served upon him, he made answer which was traversed, and upon the hearing the jury found the following verdict: "We, the jury, find for the plaintiff." The attorney for plaintiff in *fi. fa.* moved to enter judgment on the verdict, and pending that motion the attorney for O'Pry asked leave to amend his answer. The motion was refused, which . refusal is one of the errors assigned. O'Pry then offered a number of objections to the rendition of the judgment moved for, which objections were overruled,

and to this action of the court error is assigned. The court then rendered the judgment, to which also error is assigned.

The petition of Kennedy for the rule *nisi* alleged that in September, 1884, he obtained in Burke county court a judgment against J. E. Hill for a certain named sum; that execution was issued and sent to Camp, an attorney of Bibb county; that early in 1886, Camp placed the execution in the hands of O'Pry, deputy-sheriff of Bibb county, and pointed out to him certain personal property to be levied on; that the levy was made and sale duly advertised by O'Pry about May or June, 1886; that the execution has been in the hands of O'Pry a sufficient time for him to have made the money due on it, and he has not done so and fails to account to Kennedy for the property and refuses to deliver up the execution, though Kennedy has demanded both. He prayed for a rule *nisi* requiring O'Pry to show cause why he had not made the money on the execution and why the rule should not be made absolute and an attachment issue. O'Pry answered that the *fi. fa.* was placed by Camp in his hands as deputy-sheriff, with instructions to levy it on a planing-machine; that he made the levy, reported it to Camp, and told him the machine was heavy and difficult and expensive to move, and if Camp desired him as sheriff to take charge of it, he would do it if furnished with the money to pay for hauling it; whereupon Camp directed him to let it stay where it was until the day of sale, and he replied, if that was done he would not be responsible if the machine should be moved by any one so as not to be there on sale day, and Camp told him he would not be held responsible if it were removed; that under this statement of Camp, respondent permitted it to remain where it was when levied on, and under direction of Camp, advertised it for sale to be

delivered at said place, stating that it was heavy, difficult and expensive to move; that before the day of sale he was informed it had been moved by some one, and searched for it, but could not find it; that after the day of sale he heard that it had been moved to another county, and so told Camp, who said he would send the *fi. fa.* down there and have it again levied on, but Camp never made any demand for the *fi. fa.*, nor has petitioner nor any one for him ever done so; that they could have had it at any time by paying him his costs; that defendant in *fi. fa.* does not live in Bibb county, has not lived there since the *fi. fa.* was given to respondent, nor has he ever had any property there since that time. The material matters in this answer were traversed, and the jury found as above stated. The amendment proposed after verdict was, that the *fi. fa.* has been " this day" delivered up to plaintiff's attorneys; that the property levied upon was not worth and would not have brought at the sale more than $75; that in the effort to realize on the *fi. fa.* the defendant was acting as deputy-sheriff of the city court of Macon, which was the only office he held during that period; that the execution issued from the county court of Burke county, and hence the superior court of Bibb county had no jurisdiction either of the subject-matter or of defendant personally, but such jurisdiction was in the city court and county court. The judgment proposed to be taken and which was finally rendered was, that O'Pry pay to plaintiff in execution, within ten days, the amount of the execution, and pay the costs of this proceeding, or in default be attached for contempt. The objections to the rendition of this judgment were, that there were no pleadings that authorized any judgment against defendant, and the pleadings were vague and uncertain; that no damage is averred in the petition, no allegation made that he could have made the

money due on the *fi. fa.*, and no value placed on the property levied upon; that the verdict is vague and uncertain, and no legal judgment could be entered upon it; that no attachment *nisi* has ever issued, and no attachment absolute was prayed for in the petition or found in the verdict; that defendant was not a deputy-sheriff of the county, but was of the city court of Macon, and the superior court had no jurisdiction to rule him on a *fi. fa.* from Burke county court, and no jurisdiction of person or subject-matter; that the facts as found by the jury and those untraversed in the answer did not authorize any attachment; and that the property levied on was heavy and cumbersome, and defendant was not required by law to move it.

HARDEMAN & NOTTINGHAM, for plaintiff in error.

STEED & WIMBERLY, *contra.*

BLECKLEY, Chief Justice.

1. The code, §3646, declares that where any sheriff shall levy an execution upon articles difficult and expensive to transport, he may sell the property without carrying to and exposing the same at the court-house door on the day of sale. The levy in this case being made upon a planing-machine, the officer was relieved by this statute from the duty of having the machine present at the time and place of sale. But there is no hint in the statute of any purpose to excuse him for not keeping the property in his possession or under his control. It was removed before the day of sale without his knowledge or consent, but there is no suggestion that the plaintiff in execution or his attorney was in any way connected with the act of removal. The duty and risk of preventing removal rested upon the officer; the machine was in his legal custody, and if, through his omission of due care and diligence, he lost control of it and for that reason failed to sell it, he is answerable

to the plaintiff for its value, or for the amount of the execution if the amount is less than such value.

2. The rule *nisi* described the execution, specified the principal, interest and cost, recited a levy upon personal property and required the officer as deputy-sheriff of Bibb county to show cause why he had not made the money, and why the rule should not be made absolute and attachment issued against him. This was a virtual, though an indirect, allegation that the plaintiff had sustained damage to the full amount of the execution, by the officer's default. No objection by demurrer or otherwise, for the want of certainty or directness in its allegations, was made to the rule. The officer answered it, admitting the levy and justifying his failure to sell, but not suggesting that the value of the property was less than the amount of the execution. The plaintiff traversed a material part of the justification set up in the answer, the traverse was tried by a jury and a verdict was rendered in favor of the plaintiff. After all this it was too late to object to the terms of the rule as uncertain in any material respect. *Brannon* v. *Central Bank,* 18 *Ga.* 361. The rule afforded fair notice that the plaintiff sought a rule absolute for the whole debt recited, and the sole defence presented by the answer was that the only property accessible to the officer at any time was the planing-machine which he had seized, and that he was in no fault for not selling it. He set up various facts and circumstances to justify his failure to sell, but did not allege that the machine was of less value than the amount of the execution, or of what value it was. He made no question and tendered no issue on that subject. By failing to do so, he virtually admitted that he had no excuse for not realizing the money due on the execution except that presented, namely that without his fault the property seized was not brought to sale. If it was worth less than the

amount of the execution, that, together with the fact that there was no other property, would have been a defence to the rule as to all excess of the execution over and above the value of the machine. But he could not offer a false defence to the whole rule and keep back a true defence to a part of it. If he had both a false and a true defence, one going to the whole cause of action and the other to a part, he should have presented both together, if he intended to rely upon both. By electing to rely upon one alone, he waived the other. After a verdict was rendered against him on the traverse of his answer, he stood convicted of making a false return to the rule *nisi*, and there was certainly no abuse of discretion by the court in making the rule absolute for the whole amount of the execution. It may be that the court, had it been so disposed, could, as mere grace and indulgence, have inquired further into the facts before passing final judgment, but there was no legal obligation resting upon it to do so.

3. We have already said that, if a party has two defences, one going to the whole cause of action the other to a part only, he must present both together. This he can do by adding one to the other at any stage, so long as the facts of the case are open for trial. But unless there is to be more than one trial in one and the same case, the right of amendment, so far as alleging any facts is concerned, must be limited by the rendition of a verdict final in its nature. The court did not err in declining to allow the officer to amend his answer by alleging that the machine was only of a certain value which was less than the amount of the execution. This allegation could have been traversed, and if traversed, another trial would have been necessary. After an adverse verdict on the matter of this amendment, a second amendment might have been offered, and so on indefinitely. Unless the first trial and verdict are to

terminate the pleadings on the facts in controversy, the alterations of the parties may go on without limit.

4. Nor was it error to refuse to allow the officer after verdict to raise the question, by amendment to his answer or otherwise, as to his official relation to the superior court and its jurisdiction over him. By the act organizing the city court of Macon, the sheriff of Bibb county is made *ex officio* sheriff of the city court, and is given power to appoint a deputy or deputies, with the consent of the judge of that court. Acts of 1884–5, p. 472. It may be that a deputy so appointed is not *de jure* a deputy-sheriff of Bibb county. But whether so or not, after he has acted as such and responded to a rule against him brought in that character, and a verdict has been rendered upon a traverse of his answer, it is altogether too late for him to remember for the first time that he is not a deputy-sheriff of the county, but only of the city court.

5. That a rule *nisi* for attachment may be embraced in the original rule *nisi* and need not be repeated after a rule absolute has been granted, is well settled. *Smith* v. *McLendon*, 59 *Ga.* 523; *Wheeler* v. *Thomas*, 57 *Ga.* 161; *Brannon* v. *Central Bank*, 18 *Ga.* 361.

*Judgment affirmed.*