STANDARD OIL CO. *et al. v.* R. D. COLE MFG. CO.

1. Where a sheriff has realized money from the levy and sale of property under a mortgage fi. fa., upon being ruled by the plaintiff an answer by the sheriff that he had in his hands fi. fas. against the defendant of older date than the mortgage fi. fa. is not sufficient, it not appearing that the fi. fas. in the hands of the sheriff were issued upon judgments of older date than the mortgage itself.
2. After a judgment had been rendered, striking such an answer of the sheriff, it was not error for the court to refuse to allow other persons who were creditors of the defendant in fi. fa. to file an intervention claiming the fund, when it does not appear what equitable or legal right to the fund such parties proposed to set up by their intervention.

Submitted May 30, — Decided July 21, 1899.

Rule. Before Judge Smith. Clayton superior court. September term, 1898.

*William H. Beck,* for plaintiffs in error.
. *T. V. Lester, Hunt & Golightly,* and *C. T. Roan,* contra.

SIMMONS, C. J. The R. D. Cole Manufacturing Company foreclosed a mortgage against G. M. & J. M. Stephens, and had a fi. fa. issued thereon, which was by the sheriff levied upon the mortgaged property. The sheriff sold the property and received the proceeds of the sale, but failed to turn over the proceeds to the plaintiff in fi. fa. The latter brought a rule against him to compel the payment of the money received from the sale. The sheriff in his answer admitted that he had sold the property under the mortgage fi. fa., that he had received the money to the amount of $125.00, that after deducting the expenses he had on hand $111.78; but set out that there had been placed in his hands other fi. fas. against the defendants "of anterior date to the fi. fa. in favor of the plaintiff, claiming the fund arising from said sale," giving the amounts and dates of such fi. fas. and the names of the plaintiffs in such fi. fas. On motion of counsel for the movant in the rule, this answer was stricken by the court. The holders of the other fi. fas. set out by the sheriff then moved the court to allow them "to file equitable interventions setting up their equities and the contentions under which they claimed said fund." This motion the court overruled.

1. There was no error in striking the answer of the sheriff. The lien of a fi. fa. issued upon the foreclosure of a mortgage does not date from the issuance of the fi. fa., but from the execution and filing for record of the mortgage. This being true, the sheriff, if such was the fact, should have stated in his answer not only that the fi. fas. of the other claimants were of anterior date to that of the mortgagee but that the judgments on which these fi. fas. were issued were older than the date of the filing of the mortgage for record. His answer may have been true and the movant in the rule still entitled to the proceeds of the sale, on the ground that his mortgage lien was older than the judgment liens of the holders of the other fi. fas. The answer of the sheriff, therefore, set up no sufficient reason why he should not pay over the proceeds of the sale to the mortgage creditor, and the court did not err in striking that answer.

2. We think there was no error in refusing the motion made to allow the holders of the other fi. fas. to file equitable interventions. A request to be allowed "to file equitable interventions setting up their equities and the contentions under which they claimed said fund" was vague and indefinite in its meaning. It did not show what equities were to be set up, or that these equities would establish any right to the funds in the hands of the sheriff. The motion should have set out clearly what equities or contentions were relied upon. As the record now stands, it is impossible to determine what equities or contentions the movants desired to set up, or that their equities or contentions would, if set up, entitle them to the fund in controversy or to any part of it. The request was therefore properly refused.

*Judgment affirmed. All the Justices concurring.*