15135.   GEORGIA FERTILIZER & OIL Co. *v.* NIX, sheriff *et al.*

STEPHENS, J.   1.   Upon the hearing in response to a rule against a sheriff to show cause why certain funds arising from the sale of property covered by a mortgage execution for the principal sum of $164.34, which had been placed in his hands for collection, should not be paid to the plaintiff in execution, where the answer of the sheriff and the undisputed evidence showed that the sheriff had in his possession funds (the amount not appearing) realized from the sale under the execution of the mortgaged property, and he attempted to justify his failure to pay any part of the funds to the plaintiff in fi. fa. upon the ground that the funds were impressed with an alleged superior lien by reason of another execution against the same defendant for the principal sum of $55.40, which had been placed in the sheriff's hands, and that the latter execution was of "anterior date" to the mortgage execution in favor of the plaintiff, and where it did not appear that the execution relied upon by the sheriff as a justification for withholding the funds from the plaintiff in the mortgage execution was issued upon a judgment older than the mortgage, the answer and evidence of the sheriff were insufficient to justify his conduct and to authorize the finding which was made in his favor. *Standard Oil Co.* v. *Cole*, 108 *Ga.* 227 (33 S. E. 825).

2.   In such a case, where the plaintiff in the mortgage execution charges that the sheriff has in hand sufficient funds arising from the sale of the property levied on to satisfy his execution, and the sheriff admits that he has in his hands funds arising from such sale, but where the amount of such funds in the sheriff's hands nowhere appears, no inference arises that he has not in his hands funds sufficient to pay both executions, and a judgment in favor of the sheriff would be unauthorized. *O'Pry* v. *Kennedy*, 86 *Ga.* 662 (2) (12 S. E. 94).

3.   The above rulings render it unnecessary to pass upon any of the other assignments of error.

4.   The judgment of the trial judge, acting without the intervention of a jury, finding in favor of the sheriff as defendant, was unauthorized. *Southern Ry. Co.* v. *Atlanta Stove Works*, 128 *Ga.* 207 (4) (57 S. E. 429).   *Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED OCTOBER 3, 1924.

Money rule; from city court of Nashville—Judge W. R. Smith. October 16, 1923.

*R. A. Hendricks*, for plaintiff.   *J. D. Lovett*, for defendants.