## McCALL v. TUFTS.

After judgment rendered by a justice of the peace on an unconditional contract in writing, no plea and no appearance being made by the defendant at the first term, it is too late, on appeal to a jury in that court, to defend by filing pleas of the general issue and payment, and introducing evidence thereunder.

June 2, 1890.

Actions. Pleadings. Justices' courts. Practice. Before Judge ATKINSON. Ware superior court. November adjourned term, 1889.

Reported in the decision.

S. W. HITCH, by HARRISON & PEEPLES, for plaintiff in error.

L. A. WILSON, by brief, *contra*.

SIMMONS, Justice.

Tufts sued McCall in a justice's court upon three promissory notes, at March term of said court. At that term, there being no plea filed and no appearance made by the defendant, judgment was rendered in favor of the plaintiff. McCall entered an appeal to a jury. At the trial before the jury, plaintiff introduced his notes and closed. Defendant sought to introduce evidence under the plea of the general issue and payment, which pleas he had filed after the judgment at the first term of the court. Plaintiff objected to the introduction of any evidence, and moved to strike his pleas, which motion was granted by the justice, and a verdict was rendered by the jury in favor of the plaintiff. Defendant sued out his writ of *certiorari* to the superior court, alleging that the justice erred in striking his pleas and directing the jury to find a verdict for the plaintiff, and entering up judgment thereon. On the hearing of the case in the superior court the trial judge dismissed the *certiorari*, and McCall excepted.

Under the act approved September 26th, 1883 (Acts of 1882–3, p. 103), the trial judge did not err in dismissing the *certiorari*.   That act provides that " whenever the defendant in any civil suit in the justice's courts in an unconditional contract in writing makes defence, he shall make such defence at the first term of said court."   The next section provides in substance that when such defence is made, the case shall stand for trial at the next regular term of the court; provided, that it may be tried at the first term when said plea is filed if the plaintiff, his agent or attorney, is present and consents thereto.   The record showing that the suit in the justice's court was upon an unconditional contract in writing, and it further appearing that no defence or plea was filed at the first term, the justice of the peace did right in striking the pleas at the second term of the court; and the judge of the superior court did right in affirming that judgment.   The act is imperative, that when a suit is brought in a justice's court upon an unconditional contract in writing, if there is a defence thereto it shall be filed at the first term.   If not filed at that term, under this act the defendant loses his right to make any defence to the suit.

*Judgment affirmed.*