## MORGAN v. PRIOR.

It is too late, on the trial of an appeal in the superior court from a judgment rendered in a justice's court upon an unconditional contract in writing, for the defendant to file a plea, when it affirmatively appears that no defense whatever was made in the lower court at or before the first term of the case.

Submitted April 27, — Decided May 12, 1900.

Appeal. Before Judge Janes. Haralson superior court. July term, 1899.

*Edwards & Ault,* for plaintiff in error.
*W. R. Hutcheson,* contra.

LITTLE, J. Prior instituted a suit in a justice's court against Morgan, on a promissory note without conditions. A judgment having been rendered in favor of the plaintiff by the justice of the peace, the defendant appealed to the superior court. When the case was called there the defendant filed a written plea which the plaintiff moved to strike, because no defense had been filed at the first term of the justice's court to which the suit was originally made returnable. The defendant traversed the truth of this ground of the motion to strike the plea; and it appears from the evidence of the defendant himself that no defense to the suit in the justice's court was made. In his evidence he said that he came to the justice's court at the March term, 1898, which was the return term, for the purpose of defending the suit, and did have a conversation with some of the parties, in which the question as to whether or not there was any consideration for the note sued on was discussed. From the docket of the justice of the peace it appears that the case was continued at the March term, and also at the April term, and that judgment was rendered at the May term of the justice's court. The evidence of another witness was, that the case was continued at the request of the defendant on his promise to pay. However this may be, it is clear from the evidence of the defendant himself that he did not appear at the March term, nor at any other term of the justice's court before judgment was rendered, and make a defense to the action. The in-

terviews which he had with the parties interested on the other side of the case do not, of course, amount in law to making a defense. It is provided in section 4134 of the Civil Code that when a defendant to a suit in a justice's court on an unconditional contract in writing shall make any defense, the same must be made at the first term. This court in the case of McCall v. Tufts, 85 Ga. 619, construing the act of 1883 (Acts 1882-3, p. 103), ruled that this defense must be made by a written plea. Subsequently the General Assembly amended the act of 1883 by striking the words "plea is filed," upon which the decision in the McCall case, supra, was based; thus making it unnecessary, in order to make other defenses at a subsequent term of court, that a written plea should be filed at the first term of the justice's court. But it was provided that, in the place of filing such written plea at the first term, the defendant might appear and make a defense at the first term (see Acts 1890-1, p. 111), and this court, construing the latter act, in the case of Heyward v. Field, 95 Ga. 714, ruled that no formal plea need, under the act, be filed at the first term in a justice's court. Further than this, the provisions of section 4134 of the Civil Code are the same as when they were construed in the McCall case, supra. So that, while it is not now necessary, in making a defense to a suit on an unconditional contract in writing, in a justice's court, that the defendant shall appear at the first term and file a plea in writing, it is necessary that he appear at the first term and make defense thereto. In relation to this defense the court said in the Heyward case, supra, "If the defendant, in response to the summons, appear and mark his name, or the name of his counsel, on the docket in that court, it is equivalent to filing the plea of the general issue; it is a *making of his defense* at the first term, and thereafter he may plead any other matter appropriate to his defense." It appears from the record that the names of counsel for the defendant were entered on the docket of the justice's court, but not until the May term, 1898. This, of course, is not a compliance with the statute; and as it does not appear that any defense was made to this action in the justice's

court prior to that time, the court did not err in striking the plea filed in the superior court after the appeal, as, in order for subsequent defenses to be urged, it was necessary that the defendant should, in some legal manner, have made a defense in the justice's court at the first term.

*Judgment affirmed. All concurring, except Fish, J., absent.*