DODSON PRINTERS' SUPPLY COMPANY *v.* HARRIS *et al.*

1. Where in the trial of a case exception is taken pendente lite to an interlocutory ruling, and subsequently, after a motion for a new trial has been made and overruled, a bill of exceptions is sued out to this court, assigning error on the exceptions pendente lite, and also excepting to the refusal of a new trial, the writ of error will not be dismissed because of reasons why this court can not consider the ruling made on the motion for new trial.

2. Under the act approved November 30, 1892, amending the act establishing the city court of Atlanta, which provides that there shall be six terms each

year, and that " all cases shall stand ready for trial at the first or return term, and the defendants shall file their defence on or before the first day of said term of the court," if a defendant fails to file his defense on or before the day specified, he loses the right to file any defense to the suit, and the judge has no authority to allow him to do so.

Argued February 18,—Decided March 12, 1902.

Complaint.    Before Judge Calhoun.    City Court of Atlanta. June 22, 1901.

*C. J. Haden* and *Westmoreland Brothers*, for plaintiff.
*Goodwin & Hallman* and *C. P. Goree*, for defendants.

SIMMONS, C. J.    Suit was brought by Dodson Printers' Supply Company against Harris and Wilson, on a promissory note.    The action was brought to the March term, 1900, of the city court of Atlanta.    The defendants failed to file any defense on or before the first day of that term.    At the next term the plaintiff moved for a judgment by default.    Harris objected, because he had, on June 10, 1900, during the second term, filed a defense.    The plaintiff moved to strike this defense, because it had not been filed on or before the first day of the term to which the suit was returnable.    It appears that after the suit had been brought Harris had filed an equitable petition in the superior court to enjoin the suit in the city court, and had, for this reason, failed to file a defense at the proper time to the suit on the note.    The equitable proceedings were dismissed on demurrer.    The judge of the city court allowed Harris to file his defense, and refused to strike the same; to which ruling the plaintiff filed its exceptions pendente lite.    The case proceeded to trial, and the jury returned a verdict in favor of the defendants. Plaintiff moved for a new trial on several grounds.    The motion was overruled, and plaintiff excepted to this ruling, assigning error also on its exceptions pendente lite.

1. On the call of the case in this court, counsel for Harris moved to dismiss the writ of error, on the ground that Wilson, one of the defendants in the court below, had not been served with the rule nisi on the motion for new trial and had not acknowledged or waived service, and also on the ground that the brief of evidence was not such as is required by law.    While the bill of exceptions complains of the refusal to grant a new trial, it also assigns error on the exceptions pendente lite.    These exceptions are separate and independent from those complaining of the overruling of the motion

for new trial, and present a pure question of law.   They complain of a ruling to which direct exception can be taken.   This court, therefore, must decline to dismiss the writ of error, although the ruling of the court on the motion for new trial may be brought up in such shape that it can not be considered.   The questions raised by the exceptions pendente lite to the allowance of Harris's answer can be determined without reference to the motion for new trial or to the brief of evidence.

2.  The question of law presented by the exceptions pendente lite is whether the judge of the city court of Atlanta can under any circumstances, after the first day of the return·term, allow a plea or defense to be filed by a defendant who is in default.   The act of 1892 (Acts 1892, p. 219), amending the act establishing the court, provided that this court should have six terms each year.   It also provided that defendants, when sued in that court, should file their defenses on or before the first day of the term to which the suit was returnable.   Under these provisions the judge has no power or discretion to allow a plea or defense to be filed after the first day of the term.   The act is mandatory as to when defenses shall be filed.   If a defendant fails to file his defense within the time allowed by the act, he loses his right to file a defense to the suit. In the case of *McCall* v. *Tufts,* 85 *Ga.* 619, this court dealt with an act of the legislature which provided that "whenever the defendant in any civil suit in the justice's courts in an unconditional contract in writing makes defense, he shall make such defense at the first term of said court."   Tufts sued McCall in a justice's court on an unconditional contract in writing, and McCall failed to make his defense at the first term.   Judgment was rendered against him, and he appealed.   On the appeal he filed his defense.   This court held that the magistrate did right in refusing on the appeal to entertain his plea, holding that the act was imperative that he should make his defense at the first term.   Applying the ruling in that case to the facts of this, we hold that a defendant in the city court of Atlanta can not file a defense after the first day of the term to which the case is returnable.   It was argued by counsel for the defendant in error that the act establishing the city court of Atlanta provided that, in all matters pertaining to pleading and practice, the laws governing the superior courts should be applicable where not inconsistent with the provisions of that act; and that,

inasmuch as the practice and procedure in the superior courts allow a default to be opened and a defense filed after the first term, the trial judge did not err in allowing a plea to be filed in this case after the first term. This contention would probably have been sound with reference to the act creating the court; but when the legislature passed the act of 1892, establishing six terms of the court and making cases triable at the first term, the procedure was so changed as to make the superior-court practice as to defaults utterly inapplicable. The applicability of the superior-court practice to the city court of Atlanta was questioned in *Mathews* v. *Bishop*, 106 *Ga.* 564, though it was not then necessary to decide the point. The act of 1892 provides for trial at the first term, and it would be impracticable to apply the procedure as to filing pleas which is provided for the superior courts. In the latter courts the code requires that the judge shall call the appearance docket at the first term and mark against each case "answer" or "default." It also provides that the defendant may, within thirty days after such call of the docket, open the default as a matter of right, upon complying with certain conditions. Even at the next term the judge may, for proper cause shown, open the default. The city court of Atlanta has now no appearance term. The judge is not obliged to call the appearance docket. If the defendant should fail to file his defense on the first day of the return term, he would not be entitled to thirty days within which to open the default, for his case might be tried and judgment rendered before the thirty days had expired. We deem further discussion needless, and hold that the trial judge erred in allowing Harris to file his defense. This being true, the subsequent proceedings thereon were nugatory, and the verdict for the defendants unauthorized and of no effect.

*Judgment reversed. All the Justices concurring, except Little, J., absent.*