### BEACHAM *v.* KEA.

A continuance, granted at the instance of the defendant when he still has time to file an answer, does not extend that time so as to permit the filing of an answer after the expiration of the time regularly allowed by law.

Argued June 5, — Decided August 12, 1903.

Complaint.    Before Judge Adams.    City court of Dublin.    De- cember 18, 1902.

*T. L. Griner* and *James K. Hines*, for plaintiff in error.
*T. V. Sanders*, contra.

SIMMONS, C. J.    Suit on an account for $75 was filed in the city court of Dublin, returnable to the August, 1902, monthly term. On the call of the case the defendant appeared and asked that the case be continued until the return to the State of the attorney whom he wished to employ, such attorney being absent for providential reasons and having leave of absence from the court until Septem- ber 15.    Without objection the case was continued, no plea or an- swer being filed by the defendant.    At the next September term the defendant's plea was filed without objection.    Upon demand of the plaintiff for a jury, the case was transferred to the next quar- terly term, December, 1902.    At that term, upon motion of plain- tiff's attorney, the plea was stricken upon the ground that it had been filed after the August term, and therefore had not been filed in time.    Judgment was then entered up for the plaintiff.    To the striking of his plea the defendant excepted.

Under the act establishing the court, this case was returnable to the August term. Acts 1900, p. 117. The case was also ripe for trial at that term, and when a continuance was granted, this postponed the trial but did not extend the time for filing defenses. In this court "the same rules of procedure, service, pleadings, and practice shall govern as for the time being obtain in the superior court, except as otherwise provided." There is no provision in the act for opening defaults or for any extension of the time for answering, but the superior-court practice as to defaults could not be made to apply to such a court. See *Dodson Printers' Supply Co.* v. *Harris*, 114 *Ga.* 966. The defendant should certainly file his defense before his case is tried, though the trial take place on the first day of the first term. Where the case is not tried, though triable, at the first term, the defense should be filed before the expiration of that term. The defendant, by failing to file any defense at the August term, lost his right to file any defense at all. The judge's failure to enter default on the docket did not affect this; for, as above stated, the superior-court practice as to defaults can not apply in the city court of Dublin. The defendant, therefore, had no right to file a plea after the expiration of the time allowed for that purpose, and the trial judge properly struck it on motion. If the act creating the court imposes no limits, even by implication, upon the time for filing defenses, still the judgment below must be affirmed. The act does prescribe that " whenever and in all cases where the rules of the superior courts can not be made applicable on account of the difference in the constitution of said courts, then the said city-court judge may make and promulgate rules to govern such cases." If the act does not provide for any limitation upon the time for answering, and the superior-court practice can not apply, then this is a case to be governed by the rules made and promulgated by the judge of the city court. The record is silent as to whether the judge had promulgated any rule governing this case, and we must presume, therefore, that there was a rule under which the court was authorized to find that the answer was filed too late. Under this view it is still true, just as it is if the act limited the time for filing defenses, that a continuance of the case merely postponed the trial and did not operate to extend the time within which defenses should be filed. *Judgment affirmed.* *By five Justices.*