4171. FLORIDA CENTRAL RAILROAD CO. *v.* LUKE.

1. Under the act creating the city court of Thomasville, as amended by the act approved August 22, 1907 (Acts 1907, p. 238), it is the duty of the trial judge to call the appearance docket, and, if no defense is filed on or before the call of the docket, the judge must, upon sufficient proof submitted by the plaintiff, render a judgment in his favor. There is nothing, however, in the provisions of the act creating the city court of Thomasville, or in its amendments, which abrogates the general rule that during the term the court has plenary power over all of its judgments and orders, and may modify or vacate them for good cause shown.

2. Where, under the provisions of the act creating the city court of Thomasville, no defense is filed within the time required by the act, and judgment is rendered in favor of the plaintiff, such a judgment will not be vacated, even during the same term, at the instance of a defendant who shows no reason good in law for his failure to appear and file his defense within the time required by the act. The discretion vested by law in the trial judge is a legal discretion and will be exercised only in cases where the defendant shows a legal reason for its exercise. No such reason having been shown in this case, the judge properly held that he was without power or authority to vacate the judgment.

DECIDED JULY 2, 1912.

Motion to set aside judgment; from city court of Thomasville— Judge W. H. Hammond. March 29, 1912.

*J. H. Merrill*, for plaintiff in error.

*Roscoe Luke, Louis L. Moore*, contra.

POTTLE, J. Luke brought an action in the city court of Thomas-

ville upon an open account against the Florida Central Railroad Company and the Tallahassee Sawmill Company. The petition was returned to the March term, 1912. At the appearance term, and upon the day fixed for the call of the appearance docket, pursuant to the notice which had been published in the newspapers of the city of Thomasville, the case was sounded. No defense having been filed by either of the defendants, the plaintiff was permitted to make proof of his claim, and judgment was entered in his favor against both of the defendants jointly. On March 23, 1912, during the same term of the court at which the judgment was rendered and before the adjournment, the Florida Central Railroad Company, having paid all the costs which had accrued in the case, filed a motion to set aside the judgment, annexing to the motion a demurrer and a plea, and announcing its readiness to go to trial. The motion to vacate set forth, as a reason why it should be sustained, that the movant had regularly retained a member of the Thomasville bar to look after all of its business in the courts, and depended upon and expected this counsel to file its defense to the suit, "but, by some misunderstanding or otherwise (movant is unable to state why), this was not done, and, in consequence thereof, the case was in default when the appearance docket was called. Movant's president, . . who had exclusive charge of such matters for it, did not see the publication as to when the appearance docket would be called, and understood counsel for the company to say, when he asked him about this case, that it would not be called until the last of the week of court; and but for this, he would have been at the court and personally attended to this case and seen to the filing of its defense." Upon this motion a rule nisi was granted, and upon the hearing the judge sustained a demurrer setting up, in substance, that no sufficient reason was set forth in the motion why the judgment should be vacated, and that, upon the facts presented, the judge was without discretion or power to vacate the judgment, the order reciting that it was based both upon the ground that under the act creating the city court of Thomasville the court had no discretion to vacate the judgment, and upon the ground that the facts set forth in the motion were not sufficient to authorize the court to set aside the judgment. To this order the defendant excepted.

1. In the original act creating the city court of Thomasville

it was provided that "the defendant shall file his defense on or before the first day of the first term of said court, and said case shall then be tried unless continued, postponed, or passed by the court, for such causes and under such rules as cases are now continued, postponed or passed, unless not reached by the court." Acts 1905, p. 385, sec. 7. This act was amended by striking the whole of section 7 and inserting in lieu thereof the following: "That all civil cases shall be returnable for trial to the first regular quarterly term of said court convening twenty days or more after the filing and docketing of the case, and fifteen days or more after the service of process on the defendant. All defenses must be filed at the first term, and in any case where no defense is filed before or at the time the judge calls the appearance docket, then the judge shall, upon sufficient proof submitted by the plaintiff, render judgment, without the intervention of a jury, for the plaintiff; if a demurrer is filed and overruled and no other defense is filed, then the judge shall render judgment as though no defense had been filed. If a defense is filed, other than as last above mentioned, then the case shall go to the next regular quarterly term as the trial term." Acts 1907, p. 239, sec. 2. The statutes in relation to opening defaults in the superior court have no application to the city court of Thomasville, since in that court, when no defense is filed, judgment may be taken at the first term. *Dodson Printers' Supply Co.* v. *Harris,* 114 *Ga.* 966 (41 S. E. 54); *Thurmond* v. *Groves,* 126 *Ga.* 779 (55 S. E. 915). The question arises whether, under the provisions of the act creating the city court of Thomasville, as amended by the act of 1907, the judge of the city court had power to vacate the judgment granted in favor of the plaintiff in the present case and permit defenses to be filed.

It has been several times held that where the act creating a city court provides that all defenses shall be filed before or by the first day of the term, the judge has no authority to permit a defense to be filed at a later date. *Dodson Printers' Supply Co.* v. *Harris,* supra; *Pitts* v. *Wheeler,* 6 *Ga. App.* 720 (65 S. E. 689); *Hunter* v. *Hinman,* 7 *Ga. App.* 387 (66 S. E. 1039). In *Bass* v. *Doughty,* 5 *Ga. App.* 458 (63 S. E. 516), it was held that under the peculiar language creating the city court of Bainbridge, a defense might, in the discretion of the trial judge, be filed after the first day of the term. The decision rendered in that case really

has no applicability to the case now under consideration. In principle the other decisions cited above would seem to be controlling in the present case. The act of 1907 provides first that all defenses in the city court of Thomasville must be filed at the first term. Under this provision, if the appearance docket is not called, a defense may be filed at any time during the term, even upon the last day. But the act further provides that if no defense is filed before or at the time the appearance docket is called, "the judge shall, upon sufficient proof submitted by the plaintiff, render judgment, without the intervention of a jury, for the plaintiff." This language is as mandatory as is the language of the act referred to in the cases above cited. It leaves the trial judge without any discretion. If he calls the appearance docket and no defense is filed, then he shall render a judgment in favor of the plaintiff, if sufficient proof to authorize it be offered. It follows that when the case was called in the city court of Thomasville on the day fixed by the presiding judge for the call of the appearance docket, no defense having been filed up to that time, there was no other course open to the judge than to permit the plaintiff to make out his case and take judgment for such amount as was authorized by his pleading and his proof.

2. It does not follow, however, that the judge of the city court of Thomasville is, under the above-cited provision of the act creating the court, wholly without power or authority in any case to vacate a judgment at the term at which the same was granted. The general rule is that during the term all judgments and orders are in the breast of the court and subject to be modified or vacated for good cause shown. *Patterson Co.* v. *Wilkes,* 1 *Ga. App.* 430 (57 S. E. 1047) ; *Cole* v. *Illinois Sewing Machine Co.,* 7 *Ga. App.* 338 (66 S. E. 979). While the provisions of the act creating the city court of Thomasville imperatively require the trial judge to permit a plaintiff to make proof and take judgment where no defense has been filed up to the time the appearance docket is called, there is nothing in the act which abrogates the general rule, above stated, that during the term the court has plenary power over its judgments. But while this is true, whenever a motion is made to vacate a judgment, even during the term at which the same was rendered, the movant must allege and prove some reason good in law why he had failed to make his defense at the time required

by the act. The law rewards diligence, but is slow to harken to the prayer of the slothful. The vigilant man does not need to make excuses, but where one has sat idly by and overslept his rights and permitted a judgment to be taken against him, which he might have prevented by the exercise of the slightest diligence, the law is not disposed to grant him relief. *Heitmann* v. *Commercial Bank,* 6 *Ga. App.* 584 (65 S. E. 590). When, therefore, a motion to vacate a judgment, even though granted during the same term, is presented, the motion must show upon its face some reason which the law will accept for the failure of the movant to appear in court at the proper time and make his defense. The discretion vested in the trial judge is a legal discretion, to be exercised upon legal principles. It is not an arbitrary discretion, in the exercise of which the court may at its will set aside a judgment or order granted at the same term. Civil Code (1910), § 5656.

The excuse offered by the plaintiff in error in the present case, for its failure to appear and plead at the proper time, is wholly insufficient. The neglect of movant's counsel was in law the movant's neglect. There is no pretense that the counsel had any excuse for failing to file the defenses. On the contrary, the movant does not undertake to explain the negligence of his counsel, but says expressly that he is unable to state why the defense was not filed before the call of the appearance docket, as required by the act. It is also inferable, from the facts alleged in the motion, that the attention of the counsel was called to the case by the president of the plaintiff in error, and that counsel stated that the case would not be called until the latter part of the week. The plaintiff in error knew that the case was in court, and knew that it was returnable to the March term, 1912; it was charged with knowledge that the defense must be filed before the appearance docket was called. It would be trifling with the courts and with orderly judicial procedure to permit a litigant to sit idly by until after judgment against him has been rendered, and then vacate the judgment upon such an excuse as is offered by the movant in the present case. It is argued on behalf of the plaintiff in error that inasmuch as the order refusing to vacate the judgment recites that the trial judge was without discretion, the case should be sent back, in order that upon the coming in of the evidence, the judge might, in the exercise of his discretion, determine whether or not

he will vacate the judgment. The presumption is that the movant has no other reason for vacating the judgment than that set forth in his motion. And, upon the facts set forth in the motion, the judge did not abuse his discretion in refusing to set aside the judgment.                                    *Judgment affirmed.*