### 6875. LYTHGOE v. CARSON.

BROYLES, J. 1. Under the facts disclosed by the record, the motion to dismiss the writ of error is without merit.

2. The opening of a default at the trial term, after the defendant has complied with the provisions of section 5656 of the Civil Code of 1910, is a matter expressly within the discretion of the trial judge. *Brawner* v. *Maddox,* 1 *Ga. App.* 332 (5), 338 (58 S. E. 278) ; *Graham* v. *Atlanta National Building Association,* 110 *Ga.* 278 (34 S. E. 847).

(a) The discretion of the trial judge in refusing to open a default at the trial term will not be controlled unless it has been manifestly abused. In this case, it does not appear from the record that this discretion was abused.     *Judgment affirmed.*

DECIDED MAY 18, 1916.

Complaint; from city court of Newnan—Judge Post. July 28, 1915.

In the case of Carson against Lythgoe the trial judge refused to open a default, directed a verdict against the defendant, and entered judgment thereon; all of which is complained of in the bill of exceptions. The motion to dismiss the writ of error is based on the ground that after the case had been disposed of in the trial court as stated above, and before the bill of exceptions was signed, the plaintiff in error filed a suit against Carson, the defendant in error, which is still pending, based upon the same cause of action that the plaintiff in error had sought to set up in his proposed answer to the former suit, and that this amounted to an acquiescence in the rulings and judgment complained of in the bill of exceptions, and therefore the questions presented therein are moot questions. On this motion the following cases were cited: *Randolph* v. *Brunswick & Birmingham R. Co.,* 120 *Ga.* 969; *Brown* v. *Atlanta,* 123 *Ga.* 497; *Seaboard Air-Line Ry.* v. *Randolph,* 126 *Ga.* 245 (4).

*W. C. Wright,* for plaintiff in error.

*Hall & Jones,* contra.