8481, 8526.   JENKINS *v.* WHITTIER MILLS COMPANY; and
*vice versa.*

LUKE, J.   1. Where a defendant is duly served and fails to appear or plead within the time prescribed by law, an entry by the judge of the sole word "default," upon that part of the appearance docket which is devoted to the case is a sufficient compliance with the requirements of the Civil Code (1910), §§ 5653, 5661. *Brawner* v. *Maddox,* 1 *Ga. App.* 332 (4) (58 S. E. 278).

(*a*) Whether or not in the city court of Atlanta an entry of default can ever be legally necessary, or anything more than a mere memorandum for the convenience of the judge, is a question not now presented for decision; but see: *Dodson Printers' Supply Co.* v. *Harris,* 114 *Ga.* 966 (2) (41 S. E. 54); *Thurmond* v. *Groves,* 126 *Ga.* 779 (55 S. E. 915).

(*b*) Whenever an entry of default is necessary or proper, it is preferable, though not legally essential, that the entry be in the language of the statute and be followed by the date on which it is made. Under such a practice, the entry in the present case would have read: "In default, Nov. 8, 1916."

2. The provisions of the Civil Code (1910), § 5656, as to opening a default at the first term, apply only to judgments of the character referred to in the preceding headnote, and have no reference whatever to a final judgment which, under the provisions of the act establishing the city court of Atlanta, may be rendered at the first term as effectively as at any subsequent term. But aside from section 5656, supra, the court, as a general rule, has plenary power over all its judgments and orders during the term at which they are rendered, and may modify or vacate them for good cause shown. *Florida Central R. Co.* v. *Luke,* 11 *Ga. App.* 290 (75 S. E. 270).

3. Where no defense is filed within the time required by the act creating the city court of Atlanta, and a verdict is rendered in favor of the plaintiff, and a judgment is duly entered thereon, the judgment will not be vacated, even during the same term, at the instance of the defendant, where he shows no good reason in law for his failure to appear and file his defense within the time required by the act. The discretion vested by law in the trial judge is a legal discretion, and will be exercised only where the defendant shows a legal reason for its exercise. No such reason having been shown in this case, the judge properly denied the motion of the defendant to open the so-called default, set

aside the verdict of the jury, and allow the defendant to interpose its tardy defense. *Florida Central R. Co.* v. *Luke*, supra.

(*a*) No question was raised in the trial court as to what is the proper procedure in such a case,—whether a motion to open the "default," a motion for a new trial, a petition to a court of equity, or some other procedure in the same or another court. This decision will not, therefore, be treated as having included any such question.

4. It can not be said, as a matter of law, that the evidence demanded the particular verdict returned; and the judgment of the trial court granting a first new trial must therefore be affirmed.

*Judgment affirmed on main bill and on cross-bill of exceptions. Wade, C. J., and George, J., concur.*

DECIDED SEPTEMBER 18, 1917.

Action for damages; from city court of Atlanta—Judge Reid. January 27, 1917.

*Brewster, Howell & Heyman, Hugh Howell, Morris Macks, Samuel A. Massell,* for plaintiff.

*Smith, Hammond & Smith,* for defendant.