## 8552. DANIEL v. NIXON & WRIGHT.

1. As the act of 1912 creating the city court of Millen (Ga. L. 1912, p. 245) does not provide for entering judgments of default, or limit the time allowed for the filing of pleas, and as the record in this case negatives the idea that the judge had promulgated any rule governing the time for filing pleas, the unauthorized entry of "in default," made at the first term, would not prevent the defendant from subsequently

filing a plea prior to final judgment, although the plaintiff could have taken final judgment at the first term, under the act creating the court, which permits but does not require final judgment when no defense is filed on the call of the case at the first term.

2. As the judgment of the court below shows on its face that the merits of the proffered plea were not considered, but that it was dismissed solely on the ground that it was not filed in time, this court will not now undertake to determine as to the merits of the plea.

DECIDED NOVEMBER 2, 1917.

Complaint; from city court of Millen—Judge Dekle.  January 19, 1917.

Nixon & Wright filed suit against Mrs. Estelle P. Daniel on certain promissory notes aggregating $3,129.75 principal, returnable to the April quarterly term, 1916, of the city court of Millen, which convened April 17, 1916.  No plea or answer was filed by Mrs. Daniel before or during the return term of the court, and the case was marked "in default" by the presiding judge upon the call of the docket during the absence of counsel for the plaintiffs under a leave from the court.  The default entry was dated April 17, 1916.  On May 12, 1916, the defendant filed an answer with the clerk of the court, without first obtaining permission from the court to do so, and the record shows no agreement with either the plaintiffs or their counsel that the answer might be filed at that time.  At the next succeeding term of the court the plaintiffs, through their counsel, submitted a motion to dismiss the answer, primarily on the ground that it was not filed in time and in accordance with the rules of practice "under the act creating said court," and not until after final judgment could under the act have been entered up, but for the absence of plaintiffs' attorney. The court sustained the motion to strike, holding that as no defense had been legally filed, it was not necessary to pass upon the sufficiency of the plea.  The court then directed a verdict for the plaintiffs for the amount sued for, with interest and attorney's fees, and upon this verdict the plaintiffs entered up judgment. The act of 1912 creating the city court of Millen (section 12) provides as follows:  "All other causes and proceedings must be brought to the quarterly term in like manner as suits are now brought in the superior court, and the first term of the said quarterly session shall be the appearance term; provided, that in all suits brought in said city court final judgments may be had at the first term to which the cause is returnable, and execution issue

therein, unless a plea or defense is filed under the rules governing the filing·of pleas or defenses in the superior court at the time of the calling of the appearance docket, in which event the second term shall be the trial term, except the trial may be had at the first term where the parties consent. The judge shall call the appearance docket, on the last day of each term."

*Saffold & Jordan,* for plaintiff in error.

*C. H. & R. S. Cohen, H. J. Fullbright,* contra.

JENKINS, J. (After stating the foregoing facts.) There is no controversy between counsel upon the proposition that the city court of Millen was without power to enter judgments of default. This is conceded by counsel on both sides. The provisions of the Civil Code (1910), § 5656, relative to the opening of default at the trial term, on cause shown, do not have application to suits in those courts wherein judgment may be taken at the first term. *Jenkins* v. *Whittier Mills Co.,* 20 *Ga. App.* 828 (93 S. E. 530); *Thurmond* v. *Groves,* 126 *Ga.* 779 (55 S. E. 915). Even in a suit where a default judgment might be legally entered, it has been held that when there was a failure to do so, it was error, on the call of the case for trial, to strike a plea filed at a subsequent term, as being too late. *Glass* v. *Allen,* 141 *Ga.* 30 (80 S. E. 284); *Hall* v. *Tiedeman,* 141 *Ga.* 602 (80 S. E. 868). The judgment of the trial court marking· the present case "in default" being unauthorized, it seems clear that the defendant would be entitled subsequently to file her defense, prior to judgment, unless there was some provision in the act creating the court, or, in the absence of such a provision, some rule promulgated by the court itself, limiting the time of such filing. If this were the case, and if the act or rule specified and limited the time in which the plea must be filed, effect must be given to that requirement, and a plea entered after the time so allowed would be too late. *Dodson Printers' Supply Co.* v. *Harris,* 114 *Ga.* 966 (2) (41 S. E. 54); *Cheatham* v. *Brown-Catlett Furniture Co.,* 118 *Ga.* 420 (45 S. E. 399); *Pitts* v. *Wheeler,* 6 *Ga. App.* 720 (65 S. E. 689); *Beacham* v. *Kea,* 118 *Ga.* 406 (45 S. E. 398). There is, however, in the act creating the court no limitation of the time when the answer must be filed, although the act does provide that if no defense is filed under the rules governing in the superior court, final judgment may be taken on the call of the case at the appearance term. The

failure to make answer on such call is at the peril of defendant, and upon such failure final judgment may be entered. This does not mean, however, that it *must* be entered. *Bass* v. *Doughty,* 5 *Ga. App.* 458, 460 (63 S. E. 516). The record precludes the assumption made by the Supreme Court in the *Beacham* case, supra, that there must have been a rule of court so limiting the time, since in this case the motion to strike is specifically based upon the ground that the plea was not filed within the time allowed under the act creating the court. Judgment might have been taken at the first term, but, since it was not taken then, and since, as is conceded, the judgment of default then entered was unauthorized, and since there is no law or rule limiting the time when the plea shall be filed, but merely a provision of law which renders the defendant liable to be cut off by final judgment at the first term if the plea be not then filed, we think the court in this case should have allowed the defendant to file the proffered answer, in order that its merits could be passed upon.

*Judgment reversed.  Wade, C. J., and Luke, J., concur.*