17374.  BRIDGES *v.* WILMINGTON SAVINGS BANK.

Although there was an entry of default at the first term of the city court, the plea offered at the next term, there having been no judgment by default, was not too late, under the act creating the court, and the judge erred in disallowing it.

DECIDED DECEMBER 20, 1926.

Courts, 15 C. J. p. 902, n. 13; p. 903, n. 18; p. 987, n. 65.

Complaint; from city court of Blakely—Judge Sheffield. April 19, 1926.

*Lowrey Stone,* for plaintiff in error.

*Horace Bell, George H. Perry,* contra.

JENKINS, P. J.   This case is controlled in principle by the ruling made by this court in *Daniel* v. *Nixon,* 21 *Ga. App.* 206 (93 S. E. 1013).   In the instant case, just as in the *Daniel* case, an entry of default was made at the first term, but no judgment by default against the defendant was entered.   The defendant at the next term after the entry of default, but prior to any judgment by default, sought to file a plea, which was disallowed as being offered too late.   In the *Daniel* case it was conceded by counsel on both sides that the entry of default was illegal because unauthorized.   In the instant case, we think that, as a matter of law, the court was without power to render such a judgment. It is true that the act of 1906 (Ga. L. 1906, p. 161) creating the city court of Blakely authorizes the entering of a judgment at the first term in cases where no defense is filed on the first day thereof, and provides that "in all matters pertaining to service, pleading and practice, the law governing the superior court not in conflict with this act shall apply to the city court," but it has been many times ruled that where the act specifically provides for a different scheme of procedure from that obtaining in the superior court, so as to make the superior-court practice as to defaults utterly inapplicable, such a general adoption of all consistent superior-court rules of pleading and practice could not be made applicable to defaults.   See, in this connection, *Beacham* v. *Kea,* 118 *Ga.* 406 (45 S. E. 398) ; *Dodson Printers' Supply Co.* v. *Harris,* 114 *Ga.* 966 (41 S. E. 54) ; *Florida Central R. Co.* v. *Luke,* 11 *Ga. App.* 290 (75 S. E. 270) ; *Jenkins* v. *Whittier Mills Co.,* 20 *Ga. App.* 828 (93 S. E. 530).   Thus, since the general provision of the act adopting all consistent rules governing pleading and practice in the superior court does not confer upon the city court of Blakely the authority to enter a judgment of default, and since the act fails to confer otherwise such authority, no such authority exists, and the entry of default was altogether illegal. The question, therefore, is, just as in the *Daniel* case:   Was the case in default by operation of law, and without the aid of any such unauthorized entry?   The act does not require, as was the

case in *Dodson Printers' Supply Co.* v. *Harris,* supra, that a defense shall be filed at the first term. See also *Morgan* v. *Prior,* 110 *Ga.* 791 (36 S. E. 75). It can not be presumed, as was the basis of the ruling in *Beacham* v. *Kea,* supra, that the rules of court must have required the filing of a defense at the first term, since in the instant case the certified bill of exceptions expressly recites that no such rule of court had ever been promulgated. It follows, therefore, that since there was no judgment on the main cause *by* default prior to the offering of the plea, and that since the judgment *of* default was unauthorized and illegal, and since neither the act creating the court nor any rule of court in any wise purports to limit the time in which a plea can be filed prior to judgment, the action of the trial judge in holding that the plea was offered too late was erroneous.

*Judgment reversed. Stephens and Bell, JJ., concur.*