## 17328. STROTHER v. HARPER.

The refusal of the court to open the "default" in this case was not erroneous for any reason urged.

DECIDED FEBRUARY 14, 1927.

Trover; from city court of Washington—Judge Sutton. March 6, 1926.

*B. W. Fortson,* for plaintiff in error. *William Wynne,* contra.

BELL, J. In this cause the suit was returnable to a quarterly term of the city court of Washington. No plea having been filed at the first term, the case was marked in default. At the second term the defendant moved to open the default and to be allowed to plead. This motion was denied, and, after judgment in favor of the plaintiff, the defendant excepted. Counsel for the plaintiff in error, in his brief, states that "The controlling question in this case is whether or not the trial judge, in refusing to allow the default opened at the trial term, abused the discretion vested in him by law for opening defaults at the trial term," and, after making reference to the several sections of the Civil Code (§§ 5653 to 5656 inclusive) relating to defaults in the superior court, says that "the foregoing sections of the code apply to the city court of Washington." See Ga. L. 1905, p. 399, §§ 17, 31, and *Thurmond* v. *Groves,* 126 *Ga.* 779 (55 S. E. 915), in which the Supreme Court construed certain provisions of the act creating the city court. The above statements of counsel for the plaintiff in error make it unnecessary for this court to decide any such question as was raised and decided in *Bridges* v. *Wilmington Savings Bank,* 36 *Ga. App.* 239 (136 S. E. 281). Since counsel for the plaintiff in error has taken the position that the code provisions on the subject of defaults are applicable in this case, and since, in our opinion, the judgment should be affirmed even upon that theory, it is unnecessary to decide any question except whether the showing, as made for opening the default, was such that the motion therefor should have been granted under rules obtaining in the superior court, and it is merely assumed that such rules are here applicable. See *Morgan* v. *Prior,* 110 *Ga.* 791 (36 S. E. 75); *Dodson Supply Co.* v. *Harris,* 114 *Ga.* 966 (41 S. E. 54); *Fla. Central R. Co.* v. *Luke,* 11 *Ga. App.* 290 (75 S. E. 270); *Riverdale Pecan Co.* v. *Cutter,* 16 *Ga. App.* 631 (85 S. E. 929); *Buford* v.

Judgments, 34 C. J. p. 311, n. 5; p. 365, n. 67.

*So. Colton Oil Co.,* 20 *Ga. App.* 581 (85 S. E. 929; *Jenkins* v. *Whittier Mills Co.,* 20 *Ga. App.* 828 (93 S. E. 530); *Daniel* v. *Nixon,* 21 *Ga. App.* 206 (93 S. E. 1013).

The opening of a default on motion made at the trial term, after the defendant has complied with the provisions of section 5656 of the Civil Code, is a matter within the discretion of the trial judge, and his discretion in opening or refusing to open such default will not be controlled unless it has been manifestly abused. *Lythgoe* v. *Carson,* 18 *Ga. App.* 83 (88 S. E. 989).

It can not be said that the trial judge has abused his discretion in such a matter, unless all the facts and circumstances demand, as a matter of law, a different conclusion from that reached by him. See *Sherman* v. *Stevens,* 30 *Ga. App.* 509 (1), 518 (118 S. E. 567). Where the showing made for the purpose of opening the default was that the attorney for the defendant had a leave of absence from a certain term of court, which was the appearance term of the case in which the default was entered, and that in "checking up his cases" for that term, and, in "preparing defenses to be filed in those in which it was necessary to file defenses at said term, said attorney, in some way, overlooked this case," and, not being present when the appearance docket was called, did not know until the trial term that he had overlooked filing the necessary plea or that the case had been marked in default, and that on discovery of these facts he moved promptly to open the default, complying with the terms of section 5656, these facts without more did not, as a matter of law, require the opening of the default.

Assuming, without deciding, that the presiding judge, in granting the leave of absence, might have allowed time for filing an answer, beyond that prescribed by statute, yet the leave of absence as granted, not having specially so provided, did not render it unnecessary to answer before the call of the appearance docket (*Beacham* v. *Kea,* 118 *Ga.* 406, 45 S. E. 398), and proof in mere general terms that the attorney "in some way overlooked this case" did not furnish a compelling reason for opening the default at the trial term.

While we have decided the case upon the theory that the provisions of the code in reference to defaults are applicable, it is noticed that the act creating the city court of Washington provides that "whenever and in all cases where the rules of the supe-

rior courts can not be made applicable on account of the difference in the constitution of said courts, then said city court judge may make and promulgate rules to cover such cases," and, as was said by the Supreme Court in *Beacham* v. *Kea,* supra, construing an identical provision in the act creating the city court of Dublin, "if the superior court practice can·not apply, then this is a case to be governed by the rules made and promulgated by the judge of the city court. The record is silent as to whether the judge had promulgated any rule governing the case, and we must presume, therefore, that there was a rule under which the court was authorized to find that the answer was filed too late." See also, in this connection, *Cheatham* v. *Brown Furniture Co.,* 118 *Ga.* 420 (45 S. E. 399).

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*