602

19178. Cobb v. Burgamy.

Jenkins, P. J. 1. The act creating the city court of Sandersville (Ga. L. 1901, p. 164) makes no provision for an appearance term for civil cases, but provides that all such cases shall be tried at the term to which they are returned, and that all defenses shall be filed at least five days before the term of court to which suits are returnable, and that unless such defenses are so filed, "said cases shall be considered in default, and such default shall not be opened, except in the manner provided by law for opening defaults in the superior courts of this State."

2. While it has been held that the provisions of the Civil Code (1910), § 5656, relative to the opening of judgments of default in the superior court at the trial term, on cause shown, do not have application to suits in those courts wherein judgment may be taken at the first term, where by the procedure provided for such courts the superior-court practice is impracticable and therefore inapplicable (*Thurmond* v. *Groves*, 126 *Ga.* 779 (55 S. E. 915); *Jenkins* v. *Whittier Mills Co.*, 20 *Ga. App.* 828 (93 S. E. 530); *Daniel* v. *Nixon*, 21 *Ga. App.* 206 (93 S. E. 1013); *Bridges* v. *Wilmington Savings Bank*, 36 *Ga. App.* 239 (136 S. E. 281)), such rulings should not be given effect where, as here, the act creating the city court does limit the time allowed for the filing of pleas, and specifically provides the method by which a defendant may "open the default" resulting from a failure to plead within the time provided by the act. Such provision, properly construed, authorizes the judge of the city court of Sandersville to "open" the automatic default resulting from the failure to plead, upon a showing such as would authorize a judge of the superior court, at the trial term, to open a previously entered judgment of "in default."

3. While the motion made by the defendant in the instant case does not appear to have been sworn to, and does not appear of itself to meet the requirements of section 5656 of the Civil Code relative to opening defaults in the superior court, the judge of the city court recites in his judgment that evidence was heard upon the question, and that the defendant "fully complied with the law relative to the opening of default in the superior courts of said State, and, although the court is of the opinion that the case is one where in the exercise of his discretion the motion should be granted and default allowed to be opened, and the plea and answer filed, as setting forth a good and meritorious defense, the court overrules the motion to open default, and denies the right to defendant to file a plea and answer, and grants a judgment in default, for the reason that the court is of the opinion that he is bound by previous decisions of the Supreme Court which take from him the right of exercising any discretion in cases in default in the city court." It will, therefore, be assumed that the showing made to the court was upon oath and met the requirements of the code-section referred to. Under such circumstances the court was authorized to "open" the default and allow the defendant to plead.

*Judgment reversed. Stephens and Bell, JJ., concur.*

Decided April 10, 1929.

*M. L. Gross,* for plaintiff in error.   *E. W. Jordan,* contra.