21201. KINGERY, executor, *et al. v.* RELIANCE FERTILIZER COMPANY.

DECIDED APRIL 16, 1931.

242

*J. L. Brown, Anderson & Jones,* for plaintiffs in error.

*Kirkland & Kirkland,* contra.

BROYLES, C. J. (After stating the foregoing facts.) There being in the act establishing the city court of Metter no provision as to calling the appearance docket, and it being provided in the act "that the general laws of this State, as they obtain in and apply to the superior courts, shall obtain in and apply to said city court, with reference to the commencement of suits, defenses, . . procedure, pleadings, practice . . and other matters of a judicial nature, except as otherwise provided in this act," the judge of the city court of Metter properly called the appearance docket in conformity to section 5653 of the Civil Code of 1910, which provides that "in all cases, the judge at each term shall call the appearance docket upon some day previously fixed, or on the last day of the term, and upon such call all cases in which the defendant has not filed a demurrer, plea, answer or other defense, shall be marked in default." However, it being provided in section 30 of the act creating the city court of Metter (Ga. L. 1920, p. 364) that "judgments shall be rendered at the first term of said court in all cases by the judge thereof, without the verdict of a jury, where there

is a *personal service,* and where no issuable defense is filed by the defendant" (italics ours), and personal service of the original suit on an open account having been perfected on the defendants (the movants in this motion to vacate the judgment), and no demurrer or plea having been filed by them, and the plaintiff having submitted evidence to prove its claim, the court did not err in rendering judgment in favor of the plaintiff, or subsequently in sustaining the general demurrer to the motion to set aside the judgment. See, in this connection, *Florida Central &c. R. Co.* v. *Luke,* 11 *Ga. App.* 290 (1, 2) (75 S. E. 270). As was said in that case (headnote 2): "The discretion vested by law in the trial judge is a legal discretion and will be exercised only in cases where the defendant shows a legal reason for its exercise. No such reason having been shown in this case, the judge properly held that he was without power or authority to vacate the judgment." In the instant case, as in that case, the defendants failed to show any legal reason for the exercise of the judge's discretion. In the motion to set aside the judgment it was not alleged that the judge opened the court and called the appearance docket on some day other than that fixed by law. The fact that the judge called the appearance docket at 8:30 a. m., instead of the customary hour of 9:30 a. m., is immaterial. The law does not fix any particular hour for the opening of the city court of Metter. Hence, under the law, the judge of that court could legally open the court and call the appearance docket on the day fixed by law "at any time after 12 o'clock of the night preceding and before 12 o'clock of the night of that day." *Perdue* v. *State,* 134 *Ga.* 300, 304 (67 S. E. 810).

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*